JOHNSON, Judge.
This is an appeal from a final decree of the circuit court of Volusia County, Hon. James T. Nelson, Judge, denying, with prejudice, the relief prayed for in appellant’s complaint, which was injunctive relief.
The appellant was plaintiff below, and brought suit against the appellee, as defendant below, praying for a temporary restraining or injunctive order against the appellee from enforcing City Ordinance No. 163, of the defendant City, and for a permanent injunction upon final hearing.
The fact complained of was the passage by the defendant City of Ordinance No. 163, wherein the hours for the sale of alcoholic beverages was reduced from 5 A.M. to 2 A.M. o’clock within the city limits of defendant City; also, the Ordinance No. 125 effecting a refund as to the unused portion of licenses previously issued for the period of 2:00 A.M. to 5:00 A.M. for sale of such beverages.
It was stipulated in open court by the parties that the ordinance in question was adopted in accordance with the administrative requirements of the City. The plaintiff contended, however, that in adopting said Ordinance No. 163, the City was arbitrary, capricious, discriminatory and constituted a deprivation of the plaintiff’s property rights without the process of law and without just cause or reason and was an unreasonable exercise of its police powers as a municipality.
Voluminous testimony was taken before the court, at the end of which and after hearing argument of counsel and briefs filed, the court entered the order appealed, denying relief to appellant.
A companion case involving the validity of the ordinance involved here, has been before this court before.[1] appealing an order of the court dissolving a temporary injunction against enforcement of said ordinance. This court affirmed the lower court, and the Supreme Court of Florida denied certi-orari.[2] The briefs of the respective attorneys filed in the Goldmine case, supra, were filed in the case sub judice, inasmuch as the identical questions were involved.
We think we may dispose of this case summarily by pointing out this court’s decision in the Goldmine case, supra, and the Florida Statute and its interpretation by our Supreme Court as follows:
Section 562.14(3), Florida Statutes, F.S. A., gives the municipality authority to regulate the hours of sale of alcoholic beverages, to wit:
“(3) Incorporated municipalities may by ordinance independently regulate the hours of sale of alcoholic beverages within the corporate limits thereof, notwith *80 standing the provisions of this section. It shall be the duty of the sheriff, deputy sheriff and police officers of such municipality, and not the duty of the state beverage department, to enforce the hours of sale as regulated by any incorporated municipality.”
In the case of State ex rel. Floyd v. Noel, 124 Fla. 852, 169 So. 549 (1936), the Supreme Court of Florida stated as follows:
“It is so well settled that no citation of authority is required to support the statement that a municipality exercising the powers inherent in municipal corporations may reasonably regulate the sale of intoxicating liquors and in. providing such reasonable regulations may prohibit the sale of such liquors within certain hours, and also may prohibit the sale of liquors within certain zones.”
In the case of State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 31 So.2d 52 (1947), the Supreme Court of Florida held:
“ * * * It is generally recognized that the act of engaging in the sale of intoxicating liquors may be forbidden or prohibited. The sale thereof is a privilege to be granted pursuant to law under restricted terms or conditions because of the injurious effect of its use on the health and general welfare. * * * ”
 The law is also well settled that the legislative body of a municipality has a full measure of proper legislative discretion in the enactment of ordinances for the regulation, government and management of the municipal corporation. The adopting of an ordinance such as under attack here is legislative in character and in the absence of abuse of discretion, the motives for such action is not the subject of judicial inquiry.[3]
It was agreed that the only thing requested by the complaint was an injunction. The ordinance in question appearing to us to be a valid exercise of the police powers of the City and that the City was acting within its legislative discretion in adopting Ordinance No. 163, in view of the authorities cited supra, we think the order appealed should be and it is hereby affirmed.
RAWLS, C. J., and STURGIS, J., concur.

. Goldmine, Inc. v. City of South Daytona, 168 So.2d 849 (Ma.App.lst, 1964).

. Goldmine, Inc. v. City of South Daytona, 169 So.2d 386 (Ma.1964), cert. denied.

. 23 Fla.Jur., pages 104 and 125; City of Miami Beach v. Schauer, 104 So.2d 129 (Fla.App. 3d, 1958).