353 So.2d 861 (1977)
The OTHER PLACE OF MIAMI, INC., Appellant,
v.
The CITY OF HIALEAH GARDENS, Appellee.
No. 77-1519.
District Court of Appeal of Florida, Third District.
December 6, 1977.
Rehearing Denied February 1, 1978.
*862 Tobias Simon, Miami, for appellant.
Stephen J. Wisotsky, Fort Lauderdale, Wepman & Wepman, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Plaintiff, The Other Place of Miami, Inc., a liquor vendor, appeals an order dismissing its complaint to enjoin the enforcement of a City of Hialeah Gardens' ordinance rolling back its closing hours.
In 1974 plaintiff nightclub was the only retail vendor of alcoholic beverages (as distinguished from beer and wine) in the defendant City and contends it chose the Hialeah Gardens location because of the provision of the City's charter which then permitted premises where intoxicating beverages are sold to remain open from 7:00 A.M. to 3:00 A.M. After The Other Place was opened for business it became the site of numerous late night disturbances and offenses particularly after the hour of 1:00 A.M. Subsequently, by public referendum, on September 7, 1976 the City's charter was amended to provide for the regulation of hours of sale of alcoholic beverages by ordinance as authorized by Section 562.14, Florida Statutes (1975). Subsequently, the City council enacted ordinances nos. 77-05 and 77-06 changing the closing hours of sale of alcoholic beverages from 3:00 A.M. to 1:00 A.M. Thereupon, The Other Place filed the instant complaint to enjoin the enforcement of these ordinances. The complaint, in essence, alleged that the refusal of the City council to grandfather it in as a 3:00 A.M. licensee was wilfully designed to harm it in the operation of its business; is arbitrary, unreasonable and capricious; and the actions of the City with respect to these ordinances amounts to a taking of its property without due process of law. The City filed a motion to dismiss for failure to state a cause of action which was granted by the trial judge after hearing argument of respective counsel. The Other Place appeals.
In endeavoring to determine whether a complaint states a cause of action, all the allegations within the complaint must be considered and those allegations contained therein which are well pled must be accepted as true. Crutchfield v. Adams, 152 So.2d 808, 810 (Fla. 1st DCA 1963); State ex rel. Brown v. Sussman, 235 So.2d 46, 48 (Fla. 3d DCA 1970). Nevertheless mere statements of opinion or conclusions unsupported by specific facts will not suffice. Brandon v. County of Pinellas, 141 So.2d 278 (Fla. 2d DCA 1962). In other words, we will not be bound by bare allegations which are unsupported or unsupportable. See Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir.1971) and cases cited therein.
*863 In light of the above controlling principles, we first note that The Other Place makes no direct attack against the constitutionality of the ordinances curtailing the hours of sale of alcoholic beverages. Rather, the gravamen of the complaint is that the actions of the City in enacting the ordinances and in refusing to grandfather in The Other Place as a 3:00 A.M. licensed establishment was arbitrary, wilfully designed to harm it and a deprivation of property without due process of law.
With respect to the allegation that the ordinances were enacted with the design to harm The Other Place in that the City council refused to grandfather it in as a 3:00 A.M. licensee, adoption of such ordinances is legislative in character and in the absence of abuse of discretion, the motives for such action are not the subject of judicial inquiry. South Daytona Restaurants v. City of South Daytona, 186 So.2d 78 (Fla. 1st DCA 1966).
Turning to the remaining allegations of arbitrariness, deprivation of property without due process and denial of equal protection, we find them to be unsupported or unsupportable. There is no question that Section 562.14, Florida Statutes (1975) permits a municipality to reasonably regulate the hours of sale of alcoholic beverages, and the legislative body of a municipality has a full measure of proper legislative discretion in the enactment of such regulatory ordinances. See Wednesday Night, Inc. v. City of Fort Lauderdale, 272 So.2d 502 (Fla. 1972); South Daytona Restaurants, supra, and cases cited therein. The ordinances curtailing the closing hours for the sale of alcoholic beverages from 3:00 A.M. to 1:00 A.M. were a valid exercise of the City's police powers and in the absence of any well pled or supportable allegation that the City had abused its legislative discretion in enacting the ordinances, plaintiff's complaint for injunctive relief failed to state a cause of action. Cf. Wednesday Night, Inc., supra.
Affirmed.
NATHAN, J., dissents.