375 So.2d 281 (1979)
CITY OF POMPANO BEACH, a Municipal Corporation, Petitioner,
v.
BIG DADDY'S, INC., Respondent.
No. 55038.
Supreme Court of Florida.
July 12, 1979.
Rehearing Denied October 15, 1979.
Marion J. Radson and Donald C. Roberge, Pompano Beach, for petitioner.
Tobias Simon and Theodore L. Tripp, Jr. of the Law Offices of Tobias Simon, Miami, for respondent.
OVERTON, Justice.
This case is before the Court on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, in City of Pompano Beach v. Big Daddy's, Inc., 360 So.2d 1264 (Fla. 4th DCA 1978), which we have determined from the record proper to be in conflict with Other Place of Miami v. City of Hialeah Gardens, 353 So.2d 861 (Fla. 3d DCA 1977), cert. denied, 364 So.2d 889 (Fla. 1978). We have jurisdiction.[1]
The relevant facts of the instant case reflect that on September 21, 1976, the City passed Ordinance No. 76-104 which prohibited the sale of alcoholic beverages by any retail business establishment located within the corporate limits of the city between 2 a.m. and 7 a.m. on any weekday (2 a.m.-1 p.m., Sunday). This ordinance was approved by the voters at a referendum on March 8, 1977, and went into effect April 1, 1977. Under the prior ordinance, liquor could be sold until 4 a.m. with the prohibited periods being from 4 a.m. to 7 a.m. weekdays and 4 a.m. to 1 p.m. Sundays.
*282 The respondent, Big Daddy's, sought to enjoin the enforcement of the ordinance and filed a complaint in the circuit court alleging that the ordinance arbitrarily and capriciously deprived it of a privilege previously granted and that the ordinance was unrelated to the health, safety, welfare, and morals of the people of the city. The City moved to dismiss the complaint for failure to state a cause of action. The trial judge denied the motion, and the District Court of Appeal, Fourth District, affirmed without opinion.
The pleadings and judgment are deemed "record proper" and may be reviewed to determine conflict under the present case law of this Court. Foley v. Weaver Drugs, Inc., 177 So.2d 221, 225 (Fla. 1965); Commentary, Establishing New Criteria for Conflict Certiorari in Per Curiam District Court Decisions: A First Step Toward A Definition of Power, 29 U.Fla.L.Rev. 335, 340-49 (1977); Note, Conflict Certiorari Jurisdiction of The Supreme Court of Florida, The "Record Proper," 3 Fla.St.U.L.Rev. 409, 422-24 (1975). The district court's affirmance of the trial court is in direct conflict with the identical issue decided in a written opinion by the Third District Court of Appeal in Other Place of Miami v. City of Hialeah Gardens, 353 So.2d 861 (Fla. 3d DCA 1977), cert. denied, 364 So.2d 889 (Fla. 1978).
The respondent's complaint alleged two bases for relief. The first was that the "lack of any announcement and establishment of good cause for the change of hours through a formal hearing with utilization of fully disclosed objectively determinable criteria is an abridgement of [Big Daddy's, Inc.'s] right to the due process of law." The second was the assertion that the ordinance denied Big Daddy's, Inc. "the equal protection of the laws and the due process of law in that [the change in permissible hours of operation] is unrelated to the health, safety, welfare, and morals of the people of the City of Pompano Beach and thus is beyond the police powers of the defendant municipality."
The respondent's first allegation, that some sort of "good cause" should have been established in support of the ordinance at a formal hearing, is insupportable. It is a fundamental tenet of municipal law that when a municipal ordinance of legislative character is challenged in court, the motives of the commission and the reasons before it which induced passage of the ordinance are irrelevant. City of Opa Locka v. State ex rel. Tepper, 257 So.2d 100, 104 (Fla. 3d DCA 1972).
Respondent's second allegation, that the changing of closing hours by this specific ordinance did not bear the required reasonable relation to the health, welfare, safety, and morals of the people of the city, is without merit. As the district court said in Other Place of Miami v. City of Hialeah Gardens, 353 So.2d 861, 863 (Fla. 3d DCA 1977), cert. denied, 364 So.2d 889 (Fla. 1978): "There is no question that section 562.14, Florida Statutes (1975) permits a municipality to reasonably regulate the hours of sale of alcoholic beverages, and the legislative body of a municipality has a full measure of proper legislative discretion in the enactment of such regulatory ordinances."
We find nothing per se unreasonable about reducing the closing hours from 4 a.m. to 2 a.m., particularly when the legislature in section 562.14(1) has established a closing hour of midnight in the absence of a local ordinance. The reduction of closing hours not being per se unreasonable, the allegations are insufficient.
The decision of the district court is quashed and the cause remanded with instructions to dismiss the complaint.
It is so ordered.
ENGLAND, C.J., and BOYD, SUNDBERG and ALDERMAN, JJ., concur.
HATCHETT, J., concurs as to point 1; dissents as to point 2.
ADKINS, J., dissents.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.