378 So.2d 866 (1979)
EDWARDS DAIRY, INC., Appellant,
v.
PASCO WATER AUTHORITY, INC., Appellee.
No. 78-2174.
District Court of Appeal of Florida, Second District.
December 21, 1979.
*867 Thomas P. McAlvanah, Dade City, for appellant.
Stephen C. Booth, New Port Richey, for appellee.
RYDER, Judge.
Edwards Dairy, Inc. (Dairy), appeals the grant of summary judgment to Pasco Water Authority, Inc., arguing that the lower court erred in finding that the resolution of a motion for temporary restraining order controlled the same issues raised in a later substantive proceeding. We agree that substantive material questions remain and we reverse the summary judgment.
Dairy sued appellee alleging that its leasehold interest in land was disturbed by appellee's construction of a pipeline. Dairy further alleged that the pipeline construction destroyed grazing land and allowed cattle to escape through a fence also damaged by appellee. Appellant sought a temporary restraining order and permanent injunction against such trespass and money damages. After hearing on the temporary restraining order, the court noted that:
I have concluded that there was an understanding based upon the testimony that the defendant had the permission of the plaintiff to lay this pipeline across the property... . Of course, we are not disposing of this finally, and if there are damages, then you are going to be entitled to receive those damages at final hearing.
Dairy filed an amended complaint with an added count for damages for inverse condemnation. Appellee moved for summary judgment before a different judge, arguing that the first judge previously found that permission had been given to lay the pipeline, disposing of the action for inverse condemnation. After argument, the court found that the judge hearing the motion for a temporary restraining order had decided that appellee had permission to lay the pipeline.
We hold that the lower court erred in finding that an understanding of permission to lay the pipe, as the first judge found, constituted a waiver of any claim for damages for inverse condemnation. Within the context of inverse condemnation, "taking" has been defined as:
entering upon private property for more than a momentary period and under the warrant or color of legal authority, devoting it to public use or otherwise informally appropriating or injuriously affecting it in such a way as substantially to oust the owner and deprive him of all beneficial enjoyment thereof.
Kirkpatrick v. City of Jacksonville, Department of Housing and Urban Development, 312 So.2d 487, 489 (Fla. 1st DCA 1975), quoting 12 Fla.Jur. Eminent Domain § 68. Thus, the "taking" necessary for inverse condemnation consists of both entry and appropriation. We fail to see that consent to the entry alone would necessarily include consent to the appropriation. Whether consent *868 was granted to the appropriation, precluding a taking below, is a disputed issue of fact not proper for resolution by summary judgment. See Anderson v. Aamco Transmissions of Brevard, Inc., 265 So.2d 5 (Fla. 1972).
The facts presented below support this result. The court found an understanding existed between Edwards and the Pasco Construction foreman that the crew could enter the land. This shows no more than Edwards' acknowledgment that the pipe was to be laid. We do not believe it necessary for a landowner to defend his land with force against this intrusion or be barred from recovery of damages. The evidence below shows only that Edwards acknowledged the apparent authority of the pipeline crew to enter the property.
We hold that disputed issues of material fact remain to be determined, including whether appellant consented to the appropriation of the leasehold. The summary judgment below is REVERSED and the case REMANDED for further proceedings.
SCHEB, Acting C.J., and OTT, J., concur.