RYDER, Judge.
Edward J. and Sharon D. Alizieri appeal the dismissal of their complaint for inverse condemnation, alleging that the lower court erred in granting dismissal. We agree and reverse.
Appellants’ complaint alleged their purchase of real property subject to a fifteen foot rear public utility easement and a five foot side easement. Upon inspecting the property, appellants noticed the presence of various public utility buildings. The complaint further alleged that appellee County or its predecessor in interest entered upon the property without authorization or consent and constructed various permanent utility buildings outside of the existing easement. Appellee allegedly ratified the former acts by using the property, and demanded execution of a second easement while refusing to pay for it. Upon these allegations, the lower court granted a motion to dismiss for failure to state a cause of action.
An inverse condemnation consists of a taking of private property for public purposes without payment of full compensation. See Village of Tequesta v. Jupiter Inlet Corp., 371 So.2d 663 (Fla.1979). Article X, Section 6, Florida Constitution. We have previously defined “taking” as entering upon private property and devoting it to public use or otherwise informally appropriating it, in such a way as substantially to oust the owner. Edwards Dairy, Inc. v. Pasco Water Authority, Inc., 378 So.2d 866 (Fla. 2d DCA 1979). The complaint below alleges a “taking” by appropriation of private property without any payment of compensation. Thus, the complaint states a cause of action for inverse condemnation. We do not, however, address the ultimate merits of the action below since only allegations are before the court. We also do not comment on appellants’ factual standing to ultimately obtain damages.
REVERSED and REMANDÉD for further proceedings.
OTT, J., concurs.
GRIMES, Acting C. J., concurs specially with opinion.