402 So.2d 75 (1981)
MANATEE COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
ESTECH GENERAL CHEMICALS CORPORATION, Respondent.
No. 80-1375.
District Court of Appeal of Florida, Second District.
August 12, 1981.
E.N. Fay, Jr. of Mann & Fay, Chartered, Bradenton, for petitioner.
John R. Blue and J.B. Donnelly of Grimes, Goebel, Parry, Blue, Boylston & McGuire, Bradenton, for respondent.
RYDER, Judge.
Manatee County petitions for common law certiorari to review the order below granting a motion to compel discovery and granting a motion to strike affirmative defenses. We grant certiorari to quash the order compelling discovery.
Respondent Estech General Chemicals Corporation (Estech) sought review below of petitioner Manatee County's denial of *76 Estech's application for approval of a development of regional impact under sections 380.06 et seq., Florida Statutes (1979). The complaint alleged a taking of Estech's land without just compensation and sought damages, both apparently pursuant to the judicial review provisions of section 380.085, Florida Statutes (1979). After pleadings were filed in the suit below, Estech deposed one of the Manatee County commissioners. The commissioner refused to answer numerous questions generally concerning the reasons for her vote to disapprove the application for a DRI and what evidence she considered in making her decision to vote against the approval. Respondent moved to compel answers to the questions. The court granted the motion to compel, apparently in the mistaken belief that respondent was entitled to know the factual basis for the commissioner's decision. Petitioner Manatee County then filed this action for review of the order below under common law certiorari.
Certiorari is the proper method to review the grant of a discovery order. Zuberbuhler v. Division of Administration, 344 So.2d 1304 (Fla.2d DCA 1977); Winn Dixie Stores, Inc. v. Belcher, 144 So.2d 863 (Fla.2d DCA 1962).
We start our review by noting that discovery is usually permitted only on matters reasonably calculated to lead to admissible evidence. Brooks v. Owens, 97 So.2d 693 (Fla. 1957); Fla.R.Civ.P. 1.280(d)(1). The right to discovery thus does not extend to matters which are not directly relevant and which cannot reasonably lead to relevant matters. Miami v. Fraternal Order of Police, 346 So.2d 100 (Fla.3d DCA 1977); Hoogland v. Dollar Land Corporation, Ltd., 330 So.2d 509 (Fla. 4th DCA 1976). We hold that the questions asked below fall under the above principles. The issues in an action alleging a taking of land, or inverse condemnation, involve only the effect of governmental action on the use of the land. The question is simply whether the governmental action was a "taking." See Edwards Dairy, Inc. v. Pasco Water Authority, Inc., 378 So.2d 866 (Fla.2d DCA 1979). The motive of the governmental entity in taking the action, much less the motive of an individual commissioner in voting, has no relevance to this action, and, moreover, we do not see any path from the questions leading to relevant matter.
We note that the action below is not an appeal of the petitioner's action in denying the approval for development, so that the record factual basis for the decision might be significant. Substantive appeals from denials of DRI approval are taken in accordance with chapter 120, Florida Statutes. Section 380.085(2), Florida Statutes (1979). The action below is merely for inverse condemnation and damages, with the additional remedies provided by section 380.085(3), Florida Statutes (1979).
We grant the petition for writ of certiorari and quash the order below compelling answers on deposition. We decline to review the grant of Estech's motion to strike affirmative defenses. That order may not be reviewed by common law certiorari. Gibson v. Curry, 319 So.2d 149 (Fla.2d DCA 1975). The case is remanded for further proceedings consistent herewith.
SCHEB, C.J., and HOBSON, J., concur.