CAMPBELL, Judge.
The City of Clearwater appeals following a summary judgment ordering it to commence eminent domain proceedings against certain property owned by appellees, Mr. and Mrs. Earle.
The Earles’ property is located in a subdivision in an unincorporated area of Pinellas County. The record is unclear whether the original developer or someone else built the streets and drains and installed the drain *345 age basins and drainage pipes in the subdivision. The record does not explain the connection, if any, between the developer and the City and County, nor does it tell us who the Earles’ predecessors in title were and their part, if any, in the location of the various drains and pipes.
On October 21, 1968, responding to a request for annexation from certain property owners, the City annexed a portion of the subdivision. The annexed property included St. Croix Drive, a street abutting the Earles’ property.
While building a swimming pool in March, 1981, the Earles discovered a drainage pipe running across their property and approximately thirty feet outside the easement area identified on the subdivision plat. This pipe is part of the drainage system owned by Pinellas County that drains St. Croix Drive which is within the city limits of Clearwater. The Earles filed suit against the City and the County, claiming that these entities had inversely condemned their property by placing the pipe outside the easement area. The lower court concluded that the City had inversely condemned the Earles’ property and entered summary judgment in their favor. It also entered a summary judgment for Pinellas County which has not been pursued on appeal.
When a governmental body takes private property without first initiating formal proceedings, an inverse condemnation suit by the owner is the proper remedy. City of Jacksonville v. Schumann, 167 So.2d 95 (Fla. 1st DCA 1965), cert. denied, 172 So.2d 597 (Fla.1965). The taking required in inverse condemnation consists of an entry and an appropriation. Edwards Dairy, Inc. v. Pasco Water Authority, 378 So.2d 866 (Fla. 2d DCA 1979); Kirkpatrick v. City of Jacksonville, Department of Housing & Urban Development, 312 So.2d 487 (Fla. 1st DCA 1975); Poe v. State Road Department, 127 So.2d 898 (Fla. 1st DCA 1961).
Neither element is present here. There has been no entry because the Earles’ property was not annexed, the pipe is not owned by the City, and the record does not establish who installed the pipe. There was no appropriation because the City, acting in its sovereign capacity, merely annexed St. Croix Drive and other previously unincorporated property adjacent to the Earles’ property pursuant to a citizens’ petition for voluntary annexation. When a municipality, properly following procedures delineated by statute and local ordinance, exercises its sovereign power to annex surrounding territory, it does not by the mere annexation alone assume responsibility for unknown defects in easements or rights-of-way. To hold otherwise would require a municipality to become an insurer and could lead to retroactive condemnation of property in the wake of each annexation.
The City also contends that the trial court erred in failing to note the date on which the taking occurred. Since we hold that there has been no taking by inverse condemnation requiring institution of eminent domain proceedings, we need not consider this point. Accordingly, we reverse the order granting summary judgment in favor of the Earles.
BOARDMAN, A. C. J., and RYDER, J., concur.