PER CURIAM.
Hillsborough County petitions for common law certiorari to review the order below denying petitioner’s motion for protective order. The motion sought to prevent the taking of the depositions of the individual Hillsborough County commissioners.
Petitioner asserts that because under the rationale of Reedy Creek Utilities Co. v. Florida Public Service Commission, 418 So.2d 249 (Fla.1982), it will ultimately prevail on the merits, the depositions are unnecessary. Petitioner also asserts that the motive and reasoning of an individual commissioner in voting is irrelevant and therefore discovery into motive is improper. Manatee County v. Estech General Chemicals Corp., 402 So.2d 75 (Fla.2d DCA 1981).
We assert no opinion as to the ultimate merits of the case. We do note, however, that the motive and reasoning of the county commissioners in casting their votes is irrelevant absent a claim of fraud. Manatee County v. Estech General Chemicals Corp. In the case sub judice, the petitioner does not allege that the sole purpose for the deposition is to examine the motive or reasoning of the individual commissioners. Therefore, discovery may proceed as scheduled as to relevant facts which cannot be ascertained by a reading of the minutes of the county commission meetings, subject to Florida Rule of Civil Procedure 1.280.
GRIMES, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.