THOMPSON, Judge.
The City of Gainesville (City) petitions for a writ of common law certiorari to review the order below granting a motion to compel discovery. We grant certiorari and quash the order.
Respondent Scotty’s Inc. (Scotty’s) filed suit against the City alleging causes of action for inverse condemnation, arbitrary and capricious exercise of police power, equitable estoppel and discrimination pursuant to 42 U.S.C. § 1983. The suit arose out of the City’s rezoning of a piece of property which Scotty’s had leased with the intention of developing. After various pleadings were filed Scotty’s deposed several of the City’s commissioners. According to the petition, Scotty’s sought to elicit testimony from the commissioners concerning their individual motives in voting for the zoning changes. The commissioners declined to answer the questions on the advice of the City’s attorney. Scotty’s filed a motion to compel asking the court to direct the commissioners “to answer questions at discovery depositions about their motives and intent with respect to each of the successive zoning changes at issue in this action.” The court granted the motion to compel, and the City sought review of the order by this petition for writ of certio-rari.
Discovery is usually permitted only on matters which are relevant or which are reasonably calculated to lead to the discovery of admissible evidence. Fla.R. Civ.P. 1.280. The right of discovery does not extend to matters which are irrelevant or which cannot reasonably be expected to lead to the discovery of relevant matters. In the instant case Scotty’s attempt to inquire into the commissioners’ motives in enacting the zoning changes was improper. The fact that a cause of action was alleged pursuant to 42 U.S.C. § 1983 does not overcome the widely accepted tenet that the motives of municipal commissioners in enacting ordinances of a legislative character are irrelevant and are not the proper subject of judicial inquiry. City of Pompano Beach v. Big Daddy’s, Inc., 375 So.2d 281 (Fla.1979); City of Miami Beach v. Schauer, 104 So.2d 129 (Fla.3d DCA 1958, cert. discharged 112 So.2d 838 (Fla.1959). See also: Bruce v. Riddle, 631 F.2d 272 (4th Cir.1980); City of Safety Harbor v. Birchfield, 529 F.2d 1251 (5th Cir.1976). A change in a zoning ordinance is an exclusively legislative act. Schauer, 104 So.2d at 131-132. Therefore, the commissioners’ “motives and intent” with respect to the zoning law changes are irrelevant. Furthermore, we fail to see how such an inquiry could lead to the discovery of admissible evidence.
Scotty’s argues that the true objective of its inquiries is to discover the “purpose, object, reason, necessity and effect” of the zoning change. While an inquiry of this type may be the proper subject of discovery, nevertheless, the specific language of both the motion to compel and the order granting it refers exclusively to “motives and intent”. Whatever information Scotty’s may have intended to obtain by its inquiry, the plain language of the motion and order permits discovery for improper purposes.
We grant the petition for writ of certio-rari and quash the order below compelling answers on deposition concerning the commissioners’ motives and intent. This cause is remanded for further proceedings consistent herewith.
BOOTH, C.J., and ERVIN, J., concur.