707 So.2d 939 (1998)
RAINBOW LIGHTING, INC.; Vizcaya Grove Apartments Corp.; Brickell View Apartments Corp.; Segovia Gardens Corp.; and Vista Linda Playa, Ltd., Appellants,
v.
Lawton CHILES, as Governor of the State of Florida; and The City of Miami, a municipality of the State of Florida, Appellees.
No. 97-2544.
District Court of Appeal of Florida, Third District.
March 18, 1998.
*940 Joseph J. Portuondo, Miami, for appellants.
Morgan, Lewis & Bockius and Robert M. Brochin, Miami, and Daniel A. Crane, Hollywood; Davis Weber & Edwards and Laura Besvinick, Miami, for appellees.
Before GERSTEN, FLETCHER and SORONDO, JJ.
FLETCHER, Judge.
Rainbow Lighting, Inc., Vizcaya Grove Apartments Corp., Brickell View Apartments Corp., Segovia Gardens Corp., and Vista Linda Playa, Ltd., [appellants] appeal the dismissal of their amended complaint challenging the imposition of a "Fire-Rescue Special Assessment Tax" [the fire tax] by the City of Miami [City]. We affirm.
The appellants allege that the Honorable Lawton Chiles, as Governor of the State of Florida, erroneously declared the City to be in a state of financial emergency (when, they allege, it was not) and thus improperly exercised his authority over the City's fiscal affairs under the "Local Government Financial Emergencies Act" [the Act], sections 218.50-218.504, Florida Statutes (1995). They further allege that the Governor's exercise of authority resulted in the imposition of the fire tax. They then contend that, as the Governor was wrongfully using the Act, the fire tax must fall.
However, the amended complaint reveals that the fire tax was not adopted by gubernatorial fiat, but was adopted by City ordinance, which adoption is a legislative action expressing the will of the City. If anything, then, the trial court was being requested to determine that the fire tax was not truly adopted to express the will of the City, but that the City commissioners' votes were cast for some other motive. This determination neither the trial court (nor this Court) can make as the City commissioners' motives in adopting ordinances are not subject to judicial scrutiny. See City of Pompano Beach v. Big Daddy's, Inc., 375 So.2d 281, 282 (Fla.1979):
"It is a fundamental tenet of municipal law that when a municipal ordinance of legislative character is challenged in court, the motives of the commission and the persons before it which induced passage of the ordinance are irrelevant."
See City of Gainesville v. Scotty's, Inc., 489 So.2d 1196 (Fla. 1st DCA 1986); City of Miami Springs v. J.J.T., Inc., 437 So.2d 200 (Fla. 3d DCA 1983); Hardage v. City of Jacksonville Beach, 399 So.2d 1077 (Fla. 1st DCA), rev. denied, 411 So.2d 382 (Fla.1981); Mailman Dev. Corp. v. City of Hollywood, 286 So.2d 614 (Fla. 4th DCA 1973), cert. denied, 293 So.2d 717 (Fla.), cert. denied, 419 U.S. 844, 95 S.Ct. 77, 42 L.Ed.2d 72 (1974).
Accordingly, the dismissal of the amended complaint is affirmed.
GERSTEN, J., concurs.
SORONDO, Judge (specially concurring).
I agree with the reasoning of the majority opinion. For two additional reasons I agree that the judgment under review should be affirmed. First, the trial judge was correct in his conclusion that the Circuit Court lacks subject matter jurisdiction to review the executive actions being challenged. Art. II, § 3, Fla. Const.; Kirk v. Baker, 224 So.2d 311 (Fla.1969). Second, these plaintiffs do not have standing to bring this law suit. School Bd. of Volusia County v. Clayton, 691 So.2d 1066 (Fla.1997); North Broward Hosp. Dist. v. Fornes, 476 So.2d 154 (Fla.1985); Department of Revenue of the State of Florida v. Markham, 396 So.2d 1120 (Fla.1981); Department of Admin. v. Horne, 269 So.2d *941 659 (Fla.1972); Boucher v. Novotny, 102 So.2d 132 (Fla.1958).
GERSTEN, J., concurs.