744 So.2d 555 (1999)
CITY OF MIAMI; Walter E. Foeman, Clerk of the City of Miami; and David P. Leahy, Miami-Dade County Supervisor of Elections, Appellants,
v.
MIAMI ASSOCIATION OF FIREFIGHTERS, LOCAL 587; Fraternal Order Of Police, Lodge 20; Association of Federal, State, County and Municipal Employees, Local 1907; Thelma Anderson Gibson; Thomas M. Gabriel; Luis Fernandez; T. Sinclair "Tory" Jacobs; Tucker Gibbs; Mary Ann Miller; Wellington Rolle; Coconut Grove Civic Club, Inc., Appellees.
Nos. 99-2676.
District Court of Appeal of Florida, Third District.
October 29, 1999.
Alejandro Vilarello, City Attorney, and Charles Mays, Myrna D. Bricker, and Joel Maxwell, Assistant City Attorneys, for appellants.
Geller, Geller, Beskin, Sheinvold, Fisher & Garfinkel, Hollywood; Sale & Kuehne and Benedict P. Kuehne, Miami; Kendall Coffey; Luis Fernandez, Miami; Cornelius Shiver, Jr., Coconut Grove; Shubin & Bass, Miami; Entin & Margules, Ft. Lauderdale, Phillips Richard Rind & Navarrete, Miami; W. Tucker Gibbs, Coconut Grove, for appellees.
Before COPE, GERSTEN, and FLETCHER, JJ.
FLETCHER, Judge.
The City of Miami [City] and Walter E. Foeman, Clerk of the City, appeal an "Order Granting Injunctive Relief" which enjoins a City of Miami election, the purpose of which is to put before the City's electorate a proposal to amend the City Charter. Finding that the circuit court reached the wrong conclusion, we reverse the Order Granting Injunctive Relief and permit the election to go forward.
The injunction was predicated upon the trial court's conclusion that the proposal is defective because it contains more than one subject, impermissibly joining two proposals in one: (a) the restructuring of the City of Miami government, and (b) the early election for mayor. The trial court concluded that the City's proposal is invalid because it fails to meet the single subject requirement of Section 166.041(2), Florida Statutes (1999) which relates to *556 the adoption of municipal ordinances and resolutions, and reads in part:
"Each ordinance or resolution shall be introduced in writing and shall embrace but one subject and matters properly connected therewith."
This section, however, is inapplicable to amendments to charters of municipalities located in Miami-Dade County. This is the case as the Miami-Dade Home Rule Amendment, Article VIII, Section 6, Florida Constitution granted to the electorate of the county the power to adopt a County home rule charter of government which charter (Article VIII, section 6(1)(g)):
"shall provide a method by which each municipal corporation in Dade County shall have the power to make, amend, or repeal its own charter. Upon adoption of this home rule charter by the electors this method shall be exclusive and the Legislature shall have no power to amend or repeal the charter of any municipal corporation in Dade County." [emphasis supplied]
In accordance with this provision the Miami-Dade charter contains Section 5.03:
"A. Except as provided in Section 5.04, any municipality in the county may adopt, amend, or revoke a charter for its own government or abolish its existence in the following manner. Its governing body shall, within 120 days after adopting a resolution or after the certification of a petition of ten percent of the qualified electors of the municipality, draft or have drafted by a method determined by municipal ordinance a proposed charter amendment, revocation, or abolition which shall be submitted to the electors of the municipalities. Unless an election occurs not less than 60 nor more than 120 days after the draft is submitted, the proposal shall be submitted at a special election within that time. The governing body shall make copies of the proposal available to the electors not less than 30 days before the election. Alternative proposals may be submitted. Each proposal approved by a majority of the electors voting on such proposal shall become effective at the time fixed in the proposal.
B. All municipal charters, amendments thereto, and repeals thereof shall be filed with the Clerk of the Circuit Court."
As the Home Rule Amendment makes the foregoing procedure exclusive, no limiting provisions may be engrafted on it. See Miami Heat Ltd. Partnership v. Leahy, 682 So.2d 198 (Fla. 3d DCA), appeal dismissed, 686 So.2d 576 (Fla.1996), wherein an attempt was made (by Dade County ordinance) to impose a single subject requirement on the exclusive provisions of Section 7.01 of the Miami-Dade Home Rule Charter, which relates to the procedure for initiating referenda on ordinances. This Court concluded that a single subject requirement could not be imposed, i.e., the Miami-Dade Charter reigned supreme.
As Section 5.03 does not contain a single subject requirement, and as it governs the procedure for the adoption of the proposed amendment, the trial court went astray (in an otherwise well-formulated order) when it imposed the single subject requirement. In arriving at our conclusion, we have not reached the question of whether there are two proposals, or only one, as that is not necessary for the result. We have examined the other propositions (with one exception) of the appellees and find them to be without merit. The one exception relates to the appellees' contention that the proposal to hold an early strong mayor election is invalid as the incumbent mayor has a possessory right to complete his term of office. As the incumbent mayor is not a party to this action, and the appellees have no standing to enforce his rights, this issue is not considered or determined by this Court.[1]
*557 The order granting injunctive relief is reversed. Because of the time constraints involved, we preclude any motions for rehearing and deem this opinion final.
NOTES
[1] We point out that we have not considered the motives of the City Commission members in proposing the Charter language as their motives are irrelevant. See Rainbow Lighting, Inc. v. Chiles, 707 So.2d 939 (Fla. 3d DCA 1998).