PER CURIAM.
Petitioners, Miami-Dade County (“the County”) and Miami-Dade County Mayor Carlos A. Gimenez (“Mayor Gimenez”), seek a writ of certiorari to quash an order issued by a hearing officer of the Public Employees Relations Commission (“PERC”) denying the petitioners’ motion to quash subpoenas from the Dade County Police Benevolent Association (“PBA”), which require Mayor Gimenez to testify in an unfair labor practice proceeding filed by the PBA, and also denying the petitioners’ motion for a protective order. For the reasons that follow, we grant the petition and quash the order under review.
As the Florida Supreme Court recently explained in Board of Trustees of Internal Improvement Trust Fund v. *238 American Educational Enterprises, LLC, 99 So.3d 450, 454-455 (Fla.2012):
The petitioning party must demonstrate that the contested order constitutes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case[,] (3) that cannot be corrected on post-judgment appeal. A finding that the petitioning party has suffered an irreparable harm that cannot be remedied on direct appeal is a condition precedent to invoking a district court’s certiorari jurisdiction. If the party seeking review does not demonstrate that it will suffer material injury of an irreparable nature, then an appellate court may not grant certiorari relief from a non-appealable non-final order. Similarly, if the alleged harm can be remedied on appeal, the harm is not considered irreparable, and thus certiorari relief is not merited.
(Internal quotations and citations omitted). Therefore, prior to addressing whether the petitioners can demonstrate whether the hearing officer’s order departs from the essential requirements of the law, we must first establish that this Court has jurisdiction.
“Orders granting discovery requests have traditionally been reviewed by certiorari because once discovery is wrongfully granted, the complaining party is beyond relief.” Horne v. Sch. Bd. of Miami-Dade Cnty., 901 So.2d 238, 240 (Fla. 1st DCA 2005). As directly applied to Mayor Gimenez, if it is later determined on direct appeal that the hearing officer erroneously ordered Mayor Gimenez to testify in the unfair labor practice proceeding filed by the PBA, at that point, the resulting injury to Mayor Gimenez cannot be remedied on appeal. Further, although not directly relevant in this ease, if this Court were to determine that it does not have jurisdiction to entertain this petition for writ of certio-rari, virtually every legislator in this state could be ordered to testify as to his or her legislative decisions, without any recourse until it is ultimately too late. Such an outcome would detrimentally affect the efficient operation of the legislative branch and government as a whole. Thus, we conclude, as the appellate courts that have granted certiorari review on similar grounds have concluded, that this Court has jurisdiction to address the petitioners’ writ of certiorari. See Horne, 901 So.2d at 240; City of Gainesville v. Scotty’s, Inc., 489 So.2d 1196, 1197 (Fla. 1st DCA 1986); Hillsborough Cnty. v. Pinellas Cnty., 425 So.2d 1196 (Fla. 2d DCA 1983); Manatee Cnty. v. Estech Gen. Chems. Corp., 402 So.2d 75, 76 (Fla. 2d DCA 1981).
As we have concluded that the petitioners’ have satisfied the jurisdictional prongs, we next address whether the hearing officer’s order departs from the essential requirements of the law. For the reasons that follow, we conclude that the order departs from the essential requirements of the law.
First, the PBA’s subpoenas improperly seek testimony from Mayor Gimenez as to his motive for his legislative decision to veto resolutions of the Miami-Dade Board of County Commissioners. See, e.g. Rainbow Lighting, Inc. v. Chiles, 707 So.2d 939, 940 (Fla. 3d DCA 1998) (holding that city commissioners’ “motives in adopting ordinances are not subject to judicial scrutiny”); City of Gainesville, 489 So.2d at 1197 (holding that there is a “widely accepted tenet that the motives of municipal commissioners in enacting ordinances of a legislative character are irrelevant and are not the proper subject of judicial inquiry”); Hillsborough Cnty., 425 So.2d at 1197 (“[T]he motive and reasoning of the county commissioners in casting their votes are irrelevant absent a claim of fraud.”); Manatee Cnty., 402 So.2d at 76 (quashing order compelling county commissioner to *239 testify as to reasons for disapproving application for development of regional impact because “[t]he motive of the governmental entity in taking action, much less the motive of an individual commission in voting, has no relevance”); see also City of Pompano Beach v. Big Daddy’s, Inc., 375 So.2d 281, 282 (Fla.1979) (“It is a fundamental tenet of municipal law that when a municipal ordinance of legislative character is challenged in court, the motives of the commission and the reasons before it which induced passage of the ordinance are irrelevant.”).
Second, the subpoenas seek to compel Mayor Giménez, a high-ranking government official, to testify as to information that is readily available from other sources, such as from Mayor Gimenez’s written veto statement, the transcripts and/or recordings of Mayor Gimenez’s statements at public hearings, and the testimony of a lower-ranking official. See, e.g., Dep’t of Agric. & Consumer Servs. v. Broward Cnty., 810 So.2d 1056, 1058 (Fla. 1st DCA 2002) (holding that “agency head should not be subject to deposition, over objection, unless and until the opposing parties have exhausted other discovery and can demonstrate that the agency head is uniquely able to provide relevant information which cannot be obtained from other sources”); Home, 901 So.2d at 240 (noting that “[djepartment heads and similarly high-ranking officials should not ordinarily be compelled to testify unless it has been established that the testimony to be elicited is necessary and relevant and unavailable from a lesser ranking officer”) (quoting Halderman v. Pennhurst State Sch. & Hosp., 559 F.Supp. 153, 157 (E.D.Pa.1982)). Accordingly, we grant the petition for writ of certiorari and quash the order under review.
Petition granted; order quashed.
ROTHENBERG, J., and SCHWARTZ, Senior Judge concur.