LOGUE, J.
Anna Hammerschmid Stockinger, Elsa Haider, and Gertrude Kuhtreiber are elderly residents of Austria who have filed a petition to be recognized as partial heirs in the estate of the Rosina Hanko, which was probated in Miami-Dade County, Florida. They assert that they are half-sisters of the deceased. The personal representative of the estate has tried to depose them but to no avail. His attempts have been frustrated allegedly because of the health and age of the claimants, nuances in Austrian law, and other matters. After ruling on various motions filed by the parties concerning the depositions, the trial court filed an interim order stating (1) the claims of Stockinger and Haider cannot proceed because they are unavailable to be deposed, (2) “at the appropriate time upon the filing of appropriate motions undersigned [judge] will consider dismissal of those claims,” and (3) Kuhtreiber will appear for deposition in Miami, Florida within 45 days. Stockinger, Haider, and Kuh-treiber filed a petition for certiorari to quash this order. We dismiss the petition for lack of jurisdiction to issue the writ.
There is a serious legal impediment to granting the writ in this case: Stockinger, Haider, and Kuhtreiber have not and cannot show irreparable harm at this stage of the proceeding. The power of district courts of appeal to review a non-final order like this by certiorari is strictly circumscribed. Fla. R. App. P. 9.030(b)(2)(A). As the Florida Supreme Court recently explained in Citizens Property Insurance Corp. v. San Perdido Association, Inc., 104 So.3d 344, 351-52 (Fla.2012), “[v]ery few categories of non-final *73 orders qualify for the use of a writ of certiorari.” Certiorari review of non-final orders is a narrow remedy to be used in extraordinary circumstances. Certiorari is not a general license for appellate courts to closely supervise the day-to-day decision making of trial courts.
To invoke this court’s power to issue a writ of certiorari, a petitioner for the writ must show that the challenged non-final order (1) departs from the essential requirements of law, (2) results in material injury for the remainder of the case, and (3) such injury is incapable of correction on postjudgment appeal. Id. at 351. These last two elements are sometimes referred to as irreparable harm. Nader v. Fla. Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712, 721 (Fla.2012).
The establishment of irreparable harm is a condition precedent to invoking certiorari jurisdiction. Miami-Dade Cnty. v. Dade Cnty. Police Benevolent Association, 103 So.3d 236, 238 (Fla. 3d DCA 2012). As explained by this court:
If the party seeking review does not demonstrate that it will suffer material injury of an irreparable nature, then an appellate court may not grant certiorari relief from a non-appealable non-final order. Similarly, if the alleged harm can be remedied on appeal, the harm is not considered irreparable, and thus cer-tiorari relief is not merited.
Id. (citation omitted). Thus, at the outset, Stoekinger, Haider, and Kuhtreiber must establish that the order at issue inflicts a material injury that cannot be corrected on appeal.
The order we are asked to review admittedly sends a strong signal to Stoekinger, Haider, and Kuhtreiber: it puts them on notice that their cases might be dismissed. But the operative word is “might.” The order actually resolves with finality absolutely nothing. It forecloses nothing, terminates nothing, dismisses nothing, and sanctions no one. In fact, the second part merely states, “at the appropriate time upon the filing of appropriate motions undersigned [judge] will consider dismissal of those claims.” If the claims are ever dismissed, then, at the appropriate time upon an appropriate appeal from a final order, this court could review the matter. But at this point in time, nothing concrete has occurred.
When read in the normal context of ongoing litigation, the order merely reflects the trial judge’s threat or admonishment to the parties — which is a method available to him to try to break the discovery gridlock. We should wait and see what results. Seasoned and respected trial judges, like the trial judge in this case, can be trusted to manage this type of common discovery dispute. The trial judge has done it before, and will undoubtedly do it faster, cheaper, and fairer without our interference. It is premature for an appellate court to intervene.
In fact, Stoekinger, Haider, and Kuh-treiber do not claim irreparable harm is imminent. Instead, they posit that irreparable harm may occur if (1) Stoekinger, Haider, and Kuhtreiber are not deposed, (2) the trial court follows through on its threat to dismiss their cases, (3) after their claims are dismissed, a Connecticut Court considering a related probate immediately distributes certain assets that it controls without waiting for any appeals of the Miami-Dade dismissals to be resolved, (4) in the meantime, Stoekinger, Haider, and Kuhtreiber file an appeal of the dismissal, prevail on the appeal, and ultimately win in the underlying probate matter, and (5) the assets distributed by the Connecticut court cannot be recovered. Note that each of the steps is contingent on the preceding step. If even one event does not occur, *74 the proffered harm does not happen. Of course, these steps might occur. But the critical point is that these steps might not occur. We simply do not know.
At this point in time, Petitioners’ contention that they might be irreparably harmed is based on conjecture. Such speculation and surmise are too attenuated to establish irreparable harm and, as a result, this court is without jurisdiction to issue the writ.
Dismissed.