# Third District Court of Appeal

## State of Florida

Opinion filed June 14, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-636
Lower Tribunal No. 13-19836
_____

**Kidde Fire Trainers, Inc., a New Jersey Corporation,**
Petitioner,

vs.

**Kevin Eddie McCrea, Chaunte T. McCrea, his wife, and Terry Maley,**
Respondents.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

Shapiro, Blasi, Wasserman & Hermann, P.A., and Stuart A. Weinstein (Boca Raton), for petitioner and respondent Terry Maley.

Ross & Girten, and Lauri Waldman Ross and Theresa L. Girten; Dolan, Dobrinsky & Rosenblum, LLP, and Daniel D. Dolan, II and Eric Bluestein, for respondents Kevin Eddie McCrea and Chaunte T. McCrea.


Before ROTHENBERG, LOGUE, and LUCK, JJ.

ROTHENBERG, J.

The primary issue we must address in reviewing this petition for writ of certiorari filed by the defendant below, Kidde Fire Trainers, Inc. ("Kidde Fire"), is whether the trial court departed from the essential requirements of law by imposing a particular sanction—the waiver of Kidde Fire's work-product privilege as to numerous e-mails pertaining to Kidde Fire's investigation and actions following an incident involving plaintiff Kevin Eddie McCrea—based on Kidde Fire's, not counsel's, serious and intentional discovery violations relating to the e-mails.[1] As there is competent substantial evidence to support the trial court's finding that the discovery violations were intentional and because the sanction imposed by the trial court was well within its discretion, we find no departure from the essential requirements of law. See Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004) ("It is well settled that determining sanctions for discovery violations is committed to the discretion of the trial court, and will not be disturbed . . . absent an abuse of the sound exercise of that discretion."); Toll v. Korge, 127 So. 3d 883, 886-87 (Fla. 3d DCA 2013) (holding that a trial court's determination of sanctions is committed to

---

[1] A party seeking certiorari relief must demonstrate that the trial court's order "depart[s] from the essential requirements of law, resulting in irreparable harm that cannot be adequately remedied on final appeal." Millennium Diagnostic Imaging Ctr., Inc. v. State Farm Mut. Auto. Ins. Co., 129 So. 3d 1086, 1089 (Fla. 3d DCA 2013). The last two elements are often referred to as irreparable harm, see Stockinger v. Zeilberger, 152 So. 3d 71, 73 (Fla. 3d DCA 2014), and "[t]he establishment of irreparable harm is a condition precedent to invoking certiorari jurisdiction." Id. Kidde Fire has established the jurisdictional prerequisites to certiorari relief.

2

the trial court's discretion).  We, therefore, deny Kidde Fire's petition for writ of certiorari.

Denied.