# Third District Court of Appeal
## State of Florida

Opinion filed July 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0653
Lower Tribunal No. 23-18524
_____

## Michael Schaeffer, et al.,
Petitioners,

vs.

## Anita Medic, etc.,
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Daniel A. Miller, P.A., and Daniel A. Miller (Royal Palm Beach), for petitioners.

Richard A. Schurr, P.A., and Richard A. Schurr; Easley Appellate Practice, PLLC, and Dorothy F. Easly, for respondent.

Before LOGUE, C.J., and EMAS and MILLER, JJ.

LOGUE, C.J.

Michael Schaeffer petitions for a writ of certiorari to quash an order allowing a subpoena of his personal bank and brokerage accounts and those

of certain companies he controls and to which he transferred certain funds. Because the trial court properly found that the disclosure of the financial records at issue is reasonably calculated to lead to the discovery of admissible evidence given the nature of the parties' dispute, we deny the petition.

In the case below, Anita Medic and Michael Schaeffer entered into various business arrangements where they co-owned several businesses. Medic filed a derivative action against Schaeffer and others alleging causes of action for breach of fiduciary duty and conversion, seeking money damages, accounting, declaratory judgment, and injunctions. She claims, in pertinent part, that Schaeffer improperly transferred the companies' funds to his personal banking and brokerage accounts and used them for personal expenses, sometimes transferring the money to the accounts of other businesses he controlled and then to his personal accounts. Included in these funds were the proceeds of various Federal Small Business Administration loans that both Medic and Schaeffer guaranteed. In testimony below, Schaeffer admitted to transferring the funds to his personal accounts, including $592,000 of the loan proceeds, but denied any impropriety. He admitted he transferred the funds to other businesses he controlled. He also testified that his personal bank and brokerage accounts currently contain

less than $20,000 and he is unable to track the ultimate disposition of the loan proceeds. Medic noticed a subpoena for records of Schaeffer's accounts and the accounts of various businesses that Schaeffer controlled. Schaeffer then filed a motion for a protective order. The trial court granted the motion in part and denied it in part, limiting the time frame and the accounts, subject to reconsideration based on what future discovery might reveal. Schaeffer appeals the denial of that motion.

The power of district courts of appeal to review a non-final order by certiorari is strictly circumscribed. Fla. R. App. P. 9.030(b)(2)(A). "Certiorari review of non-final orders is a narrow remedy to be used in extraordinary circumstances. Certiorari is not a general license for appellate courts to closely supervise the day-to-day decision making of trial courts." Stockinger v. Zeilberger, 152 So. 3d 71, 73 (Fla. 3d DCA 2014). "Very few categories of non-final orders qualify for the use of [a writ of certiorari]." Citizens Prop. Ins. Corp. v. San Perdido Ass'n, 104 So. 3d 344, 351–52 (Fla. 2012).

Properly stated in its modern form, which puts the jurisdictional element first,[1] a party seeking a writ of certiorari must establish "(1) a material

---

[1] The requirement of irreparable harm is properly stated first because it is jurisdictional and must be considered first: "Unless the petitioner establishes irreparable harm, the court must dismiss the petition for lack of jurisdiction." Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014);

injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law." <u>Fla. Power & Light Co. v. Cook</u>, 277 So. 3d 263, 264 (Fla. 3d DCA 2019) (quoting <u>Nader v. Fla. Dep't of Highway Safety & Motor Vehicles</u>, 87 So. 3d 712, 721 (Fla. 2012)).

"Because of their private nature, an order improperly compelling the production of [privileged] records can constitute irreparable harm because once the information is revealed it is impossible to make it entirely private again." <u>Hakim v. Hakim</u>, 368 So. 3d 1070, 1071 (Fla. 3d DCA 2023). Financial accounts and information qualify as privileged records. <u>See</u> <u>Borck v. Borck</u>, 906 So. 2d 1209, 1211 (Fla. 4th DCA 2005) ("Article I, section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or compelling reason to compel disclosure."). <u>See also</u> <u>Spry v. Pro. Emp. Plans</u>, 985 So. 2d 1187, 1188 (Fla. 1st DCA 2008) (explaining that "disclosure of the requested information will cause irreparable harm, simply because it is financial information"). We therefore have jurisdiction to consider this petition.

---

<u>Stockinger</u>, 152 So. 3d at 73 ("The establishment of irreparable harm is a condition precedent to invoking certiorari jurisdiction.").

Nevertheless, where the disclosure of financial records is "reasonably calculated to lead to the discovery of admissible evidence," Florida Rule of Civil Procedure 1.280(b)(1), it is not a departure from the essential requirements of law to allow discovery of financial records, provided when requested, that conditions are imposed to limit unnecessary dissemination and otherwise protect their privileged nature. Sutton v. Wilmington Tr., Nat'l Ass'n, 49 Fla. L. Weekly D530, at *1 (Fla. 3d DCA Mar. 6, 2024).

Having carefully considered the arguments of the parties, we find the trial court did not err in allowing discovery of the financial information under the careful parameters it established. See Stockinger, 152 So. 3d at 73 ("Seasoned and respected trial judges, like the trial judge in this case, can be trusted to manage this type of common discovery dispute.").

Petition denied.