# Third District Court of Appeal

## State of Florida

Opinion filed October 16, 2024.
Not final until disposition of timely filed motion for rehearing.
_____

No. 3D24-1130
Lower Tribunal No. 23-202-GD-02
_____

## Thomas-McDonald Law Firm, P.A.,
Petitioner,

vs.

## Jorge E. Silva, etc.,
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Thomas-McDonald Law Firm, P.A., and Aislynn Thomas-McDonald, for petitioner.

Silva & Silva, P.A., and Paul Jon Layne, for respondent.


Before LOGUE, C.J., and FERNANDEZ and LOBREE, JJ.

LOGUE, C.J.

In this case, the past attorney for a Ward seeks certiorari review of a

blanket protective order prohibiting testimony by the Ward. This case stems

from a guardianship in which Jorge E. Silva (the "Son") was appointed a limited guardian of his 87-year-old father, Dr. Orlando G. Silva (the "Ward") against the Ward's wishes. The Petitioner is the Thomas-McDonald Law Firm, P.A. which represented the Ward in that contested proceeding. The Law Firm has pending motions for costs and fees against the Ward's estate which are fiercely opposed by the Son in his capacity as guardian.

The Son obtained a blanket protective order from the trial court which "due to the Ward's advanced age, medical conditions, physical limitations, his mental incapacity and his status as a vulnerable adult" prevents and prohibits "him from being called as a witness for any deposition, hearing, trial or other legal proceeding." The order, however, provides that "nothing in this Order shall prohibit this Court from hearing from the Ward for any reason this Court may deem necessary for the Ward's wellbeing." There are, by the way, several legal matters pending in which the Ward is involved. The Law Firm raises various legal challenges to this protective order. Because this petition was filed in the name of the Law Firm, we agree it has no standing to speak for the Ward, but it does have standing to assert its interest in having evidence available to support its claims for fees.

"Properly stated in its modern form, which puts the jurisdictional element first, a party seeking a writ of certiorari must establish '(1) a material

2

injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law.'" Schaeffer v. Medic, 49 Fla. L. Weekly D1438, at *1 (Fla. 3d DCA July 10, 2024) (footnote omitted) (quoting Fla. Power & Light Co. v. Cook, 277 So. 3d 263, 264 (Fla. 3d DCA 2019)). The requirement of irreparable harm is jurisdictional. "Unless the petitioner establishes irreparable harm, the court must dismiss the petition for lack of jurisdiction." Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014); Stockinger v. Zeilberger, 152 So. 3d 71, 73 (Fla. 3d DCA 2014) ("The establishment of irreparable harm is a condition precedent to invoking certiorari jurisdiction.").

While the Law Firm generally suggests the Ward is a necessary witness to support its motion for fees, it has not proffered the facts that it intends to establish by the testimony of the 87-year-old Ward, much less established the Ward is a necessary source for those facts, which may be an issue given the Ward's apparent medical and mental frailty. Indeed, the Law Firm has not formally attempted to obtain the Ward's testimony and been denied. Moreover, we recently dismissed as untimely the Ward's appeal of the finding of incapacity, affirmed the appointment of the Son as limited guardian, but reversed and remanded the provisions setting forth the

rights removed from the Ward. Silva v. Silva, 49 Fla. L. Weekly D1280, at *2-4 (Fla. 3d DCA June 12, 2024). The issue of the powers reserved to the Ward are therefore in flux, at least in the records of this Court. In these circumstances we find that the Law Firm has failed to establish irreparable harm and dismiss the petition.

Dismissed.