807 So.2d 200 (2002)
F.M., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN & FAMILIES, Appellee.
No. 4D01-1476.
District Court of Appeal of Florida, Fourth District.
February 20, 2002.
Pamela Wynn, Lake Worth, for appellant.
Charles D. Peters, West Palm Beach, for appellee.
WARNER, J.
F.M. appeals an order finding her eight year old daughter dependent and an order of disposition approving a case plan with the permanency goal of "Maintain/Strengthen Placement with the Father," who took custody of the child. She claims first that the court erred in finding the child dependent based upon the child's exposure to domestic violence and the mother's neglect. Second, she claims the case plan was not the least restrictive means of protecting the child. We affirm.
In the petition and at trial, the state attempted to prove dependency both *201 by exposure to domestic violence and through F.M.'s inability to care for the child due to her intoxication and overuse of medications, causing a danger to the child. The state concedes that it failed to prove that the child was exposed to domestic violence. See D.H. v. Dep't of Children & Families, 769 So.2d 424, 427 (Fla. 4th DCA 2000). However, if there is a theory or principle of law which supports the trial court's judgment, the order should be upheld. See In re Adoption of Baby E.A.W., 658 So.2d 961, 967 (Fla.1995). In this case, DCF also presented sufficient, substantial evidence of an imminent threat to the child's physical, mental, and emotional health due to the mother's neglect to sustain a finding of dependency, which the trial court so found. We therefore affirm the adjudication of dependency.
The child was placed in the custody of her father, who is not married to the mother, and the mother was given a case plan with a permanency goal to maintain or strengthen placement with the father. The mother objects to the case plan, arguing the goal is not consistent with the conditions or services offered under the plan as they will not result in her reunification with the child. Because the child was placed with her father, the statute makes clear that the court is not required to provide a case plan with a goal of reunification with the mother. Section 39.521(3)(b)2, Florida Statutes (2000), states:
(3) When any child is adjudicated by the court to be dependent, the court shall determine the appropriate placement for the child as follows:
. . . .
(b) If there is a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the jurisdiction of the court who desires to assume custody of the child, the court shall place the child with that parent upon completion of a home study, unless the court finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child.... If the court places the child with such parent, it may do either of the following:
. . . .
2. Order that the parent assume custody subject to the jurisdiction of the circuit court hearing dependency matters. The court may order that reunification services be provided to the parent from whom the child has been removed, that services be provided solely to the parent who is assuming physical custody in order to allow that parent to retain later custody without court jurisdiction, or that services be provided to both parents, in which case the court shall determine at every review hearing which parent, if either, shall have custody of the child. The standard for changing custody of the child from one parent to another or to a relative or another adult approved by the court shall be the best interest of the child.
(Emphasis added). Moreover, the permanency goal of any plan may concurrently include reasonable efforts to place the child with a legal custodian at the same time it provides for reasonable efforts to "make it possible for the child to return safely home." § 39.601(3)(a), Fla. Stat. (2000). Here, the services provided were geared to assist the mother in improving her personal skills and living habits while at the same time providing a safe and secure placement for the child with the child's father in his home.
Finally, although the mother claims that section 39.601(5) requires that services provide a path for reunification, the statute permits either a path for reunification or permanent placement "with the *202 child's health and safety being paramount." Because the statute makes the child's health and safety the paramount concern, and not those of the parent, a case plan whose goal is to place the child in the home of the more stable parent fulfills the statutory directive.
We affirm as to all issues, including the modification of visitation at the disposition proceeding, which the mother agreed to at the hearing.
FARMER and GROSS, JJ., concur.