948 So.2d 898 (2007)
R.H., Mother of E.H. and J.J., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D06-1324.
District Court of Appeal of Florida, Fifth District.
February 9, 2007.
*899 Lauren Zimmerman, of Law Offices of Lauren Zimmerman, P.A., Orlando, for Appellant.
Charles D. Peters, Orlando, for Appellee.
EVANDER, J.
R.H. (the mother) appeals from an order which closed the dependency case of her two children and granted permanent custody of the two children to their respective fathers. We reverse.
After an adjudicatory hearing, held on November 16, 2005, the trial court found the two children, J.J. and E.H., to be dependent as to the mother. J.J.'s father and E.H.'s father were each found to be non-offending. At the disposition hearing, the trial court placed the children in the temporary custody of their respective fathers under the supervision of the Department of Children and Families ("DCF"). The mother was granted supervised visitation only. The court also accepted the case plan proposed by DCF.
The approved case plan had a goal of reunification for the mother. The reunification goal date was August 2, 2006. The case plan required the mother to perform several tasks. The case plan also imposed an obligation on each of the fathers to maintain a safe and stable residence.
On January 19, 2006, the mother filed a motion for reunification. A hearing on the motion was scheduled for March 6, 2006. A judicial review had previously been scheduled for March 12, 2006. At the onset of the March 6, 2006 hearing, the parties agreed to proceed on both the motion for reunification and the judicial review.
The trial court denied the motion for reunification after receiving evidence that the mother was not in substantial compliance with her case plan. The two fathers then made ore tenus motions to close the case. The trial court granted such motions and awarded permanent custody of the two minor children to their respective fathers.
The mother's subsequent motion for rehearing was denied and this appeal followed.
On appeal, the mother correctly contends (and the guardian ad litem and DCF concede) that her procedural due process rights were violated when the trial court closed the case at the judicial review hearing without prior notice that permanency would be decided. D.S. v. Dep't of Children & Families, 900 So.2d 628 (Fla. 5th DCA 2005). Florida Rule of Juvenile Procedure 8.345(b) provides that any party requesting termination of supervision or the jurisdiction of the court or both shall do so solely by written motion or in a written report to the court. No such motion was filed in this case and the issue was not raised in any written report. Indeed, DCF had recommended the case plan remain in effect to give the mother additional time to complete her case plan.
The trial court's order was also erroneous because it had the effect of modifying the case plan. Florida Rule of Juvenile Procedure 8.400(b)(2) provides that if any party objects to the amendment of the case plan, the court must conduct an evidentiary hearing. In the present case, the *900 mother was never given the opportunity for an evidentiary hearing, although she clearly objected to this de facto amendment to the case plan.
The mother further contends she substantially complied with her case plan and therefore was entitled to have the children returned to her unless the court determined the safety, well-being, and physical, mental and emotional health of the children would be endangered by their return. § 39.522(2), Fla. Stat. (2005). See also D.G. v. Dep't of Children & Families, 903 So.2d 1042 (Fla. 5th DCA 2005); D.S., 900 So.2d at 632.
We reject this argument. The trial court's conclusion that the mother had not substantially completed her case plan was amply supported by the record. On remand, the trial court may choose to give the mother additional time to complete her case plan. The mother would be entitled to reunification with the children if she substantially complied with her case plan and if reunification would not be detrimental to the children. D.G.
Alternatively, the court may consider a motion to amend the case plan so as to change the case plan goal from reunification of the children with the mother, to placement of one or both of the children with their respective fathers. § 39.6013, Fla. Stat. (2005). A case plan is not required to have a goal of reunifying a child with the parent from whom the child was removed. As stated in F.M. v. Department of Children & Families, 807 So.2d 200, 202 (Fla. 4th DCA 2002):
Because the statute makes the child's health and safety the paramount concern, and not those of the parent, a case plan whose goal is to place the child in the home of the more stable parent fulfills the statutory directive.
No case plan amendment shall take place absent proper notice and the opportunity for an evidentiary hearing should a party object to the proposed amendment. Fla. R. Juv. P. 8.400(b).
REVERSED and REMANDED.
GRIFFIN and PALMER, JJ., concur.