995 So.2d 1151 (2008)
L.J.S., natural mother of J.S., A.S., and W.S., Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D07-5941.
District Court of Appeal of Florida, First District.
December 5, 2008.
*1152 Shannon C. Lord of Hunter & Lord, P.A., Panama City, for Appellant.
Adrienne C. Rodgers, Senior Attorney, Panama City for Appellee Florida Department of Children and Families.
Ama N. Appiah, Appellate Counsel, Orlando, for the Guardian Ad Litem Program.
PER CURIAM.
L.J.S., the mother of J.S., A.S., and W.S., seeks review of the trial court's order overruling her exceptions to the magistrate's report and recommendations. The mother argues that the trial court failed to make the requisite factual findings. We agree and reverse and remand accordingly.
In 2004, the children were removed from the mother's home after she attempted to commit suicide in front of them. The mother was hospitalized and the children were placed in shelter care with their great aunt and uncle. In its petition for dependency, the Department of Children and Families (Department) alleged that the mother's seizures, mental health problems, and recent hospitalization impaired her ability to care and provide for the children and was likely to significantly impair the children's physical and emotional health.
Initially, the Department's case plan had a goal of reunification, requiring the mother to complete a parenting skills course and counseling sessions. After completing both, the mother filed a motion for reunification. In response, the Guardian Ad Litem (GAL) and the Department filed a joint motion to modify visitation and to terminate protective supervision.
The magistrate held a hearing on the motions and, on November 9, 2007, the trial court adopted the magistrate's July 16, 2007, recommended orders placing the children in permanent guardianship, terminating protective supervision, modifying the mother's visitation, and denying the mother's motion for reunification. In its recommended order denying the mother's motion for reunification, the magistrate contradicted its oral pronouncement at the conclusion of the hearing that the mother had "absolutely" complied with her case plan. Instead, the magistrate found that the mother was noncompliant with her case plan. The magistrate determined that the children's safety, well-being, and physical, mental, and emotional health would be endangered if they were returned to their mother's care.
It is well-established that, when a parent requests reunification and has *1153 substantially complied with his case plan, there is a presumption that the children should be returned unless it is established that returning the children would endanger them. See C.D. v. Dep't of Children & Families, 974 So.2d 495, 500 (Fla. 1st DCA 2008). In order for the trial court to deny a motion for reunification, it must demonstrate a thorough consideration of two factors: (1) the parent's compliance with the case plan, and (2) whether reunification would be detrimental to the children. See § 39.522(2), Fla. Stat. (2004); C.D., 974 So.2d at 500. When considering these two factors, the trial court must specifically address the following six sub-factors:
(a) The compliance or noncompliance of the parent with the case plan;
(b) The circumstances which caused the child's dependency and whether those circumstances have been resolved;
(c) The stability and longevity of the child's placement;
(d) The preferences of the child, if the child is of sufficient age and understanding to express a preference;
(e) The recommendation of the current custodian; and
(f) The recommendation of the guardian ad litem.
§ 39.621(10), Fla. Stat. (2007). A finding regarding each of these factors is mandatory and vital to a proper order denying reunification. See C.D., 974 So.2d at 500. Courts lack the authority to deviate from statutory requirements when determining the placement of a child. See S.J. v. Dep't of Health & Rehab. Servs., 700 So.2d 71, 75 (Fla. 1st DCA 1997). In the instant case, the trial court failed to make detailed factual findings regarding five of the six factors in its order denying the mother's motion for reunification. Instead, the trial court relied on the magistrate's recommended order, which only addressed the mother's noncompliance with her case plan. Even that finding, however, contradicted the magistrate's oral pronouncement at the conclusion of the hearing that the mother was "absolutely" compliant with her case plan. Thus, the trial court improperly relied on the magistrate's deficient order to conclude that returning the children to the mother would endanger their safety and well-being.
Accordingly, we REVERSE and REMAND for the trial court to make detailed factual findings pursuant to section 39.621(10).
LEWIS and ROBERTS, JJ., concur; BENTON, J., concurs in result.