EVANDER, J.
 

 The petitioner, R.N., (“the father”) seeks certiorari review of an order that amended his case plan to require him to perform additional tasks, including the completion of a batterer’s intervention program. The father contends that the amendment to the case plan was done in contravention of his procedural due process rights. We deny the petition.
 

 R.N. is the father of three minor children. On July 10, 2008, the Department of Children and Families (“DCF”) filed a petition for dependency, alleging that the three children had been abused and/or neglected as the result of their parents’ drug use, domestic violence, use of excessive corporal punishment, and failure to meet the children’s basic needs. The dependency case was referred to mediation where a complete agreement was reached between the parents and DCF.
 
 [1]
 
 The father subsequently entered a consent plea to the petition and, on October 8, 2008, the trial court entered an order adjudicating the children dependent and accepting the case plan agreed to by the parents and DCF. The trial court’s order provided for the placement of the children with their maternal grandmother. The father was entitled to day-time only, unsupervised visitation. As part of the case plan, the father was ordered to complete a “bio/psycho/social evaluation” and follow the recommendations resulting from the evaluation, complete an anger management program, complete an in-home parenting program after reunification, provide proof of stable housing and employment, pay child support, and not be involved in any illegal activities.
 

 In February 2009, based on an allegation of a new incident of a domestic altercation, DCF filed an expedited motion for modification of visitation. DCF sought to limit the father to supervised visitation only and “to make such orders as the Court deems reasonable and necessary to ensure the well-being of [the children].”
 

 After a duly noticed evidentiary hearing on DCF’s motion, the trial court found that the father had engaged in a domestic altercation with the mother in the presence of the children, during which he had also badly disparaged the mother. The trial court determined that the three children had been traumatized by the incident and granted DCF’s request for supervised visitation. The trial court further determined that a more significant case plan was required. The case plan was amended to 1) require the father to complete a certified batterer’s intervention program (in lieu of the previously-ordered anger management classes), 2) require the father to enroll in a
 
 *699
 
 parental alienation counseling program, and 3) require the father to complete a parents, children and divorce class (which had been previously ordered but not completed in the parents’ dissolution case). The order provided that the trial court would consider reinstatement of unsupervised visitation upon proof of the father’s enrollment and active participation in the above-referenced classes.
 

 After the father’s motion for rehearing was denied, he filed the instant petition for writ of certiorari, arguing that the trial court’s order constituted a departure from the essential requirements of law. The father claimed that DCF’s expedited motion for modification of visitation did not provide him notice that the case plan might be amended. In making this argument, the father relied on two prior decisions of this
 
 court
 
 -K.E.
 
 v. Dep’t of Children and Families,
 
 958 So.2d 968 (Fla. 5th DCA 2007) and
 
 R.H. v. Dep’t of Children and Families,
 
 948 So.2d 898 (Fla. 5th DCA 2007). However, both of these cases are readily distinguishable because they were based on application of the former rule addressing the process for the amendment of case plans — Florida Rule of Juvenile Procedure 8.400(b).
 
 [2]
 
 In 2007, the case plan amendment rule was significantly modified and is now set forth in Rule 8.420. The new rule was adopted in response to the Legislature’s enactment of section 39.6013, Florida Statutes (2006).
 
 [3]
 
 
 *700
 

 See In re Amends. to the Fla. Rules of Juv. Pro.,
 
 951 So.2d 804 (Fla.2007).
 

 Rule 8.420 provides, in relevant part:
 

 (a) Modifications. After the case plan has been developed, the tasks and services agreed upon in the plan may not be changed or altered except as follows.
 

 * * *
 

 (3)The case plan may be amended by the court or on motion of any party
 
 at any hearing
 
 to change the goal of the plan, employ the use of concurrent planning, or add or remove the task the parent must complete in order to substantially comply with the plan,
 
 if there is a preponderance of evidence demonstrating the need for the amendment.
 

 [[Image here]]
 

 (b) Basis to Amend the Case Plan. The need to amend the case plan may be based on information discovered
 
 or circumstances arising after the approval of the case plan
 
 for:
 

 (1) a previously unaddressed condition that, without services, may prevent the child from safely returning to or remaining in the home;
 

 (2) the child’s need for permanency;
 

 (3)
 
 the failure of a party to substantially comply with a task in the original case plan, including the ineffectiveness of a previously offered service;
 

 (4) an error or oversight in the case plan;
 

 (5)
 
 information discovered or circumstances arising after the approval of the plan regarding the provision of safe and proper care for the child.
 

 (Emphasis added).
 

 Although Rule 8.420 contemplates an evidentiary basis to support a case plan amendment, the rule does not require that specific prior notice of a possible amendment be given. Here, the trial court’s actions complied with both section 39.6013 and Rule 8.420. The trial court determined, after a duly noticed evidentia-ry hearing, that there was a demonstrated need to amend the case plan based on circumstances that arose after its approval of the initial case plan. The amendment to the case plan was deemed necessary for the protection of the children, if and when, the father was again granted the right of unsupervised contact with his children. Substantial competent evidence supported the trial court’s decision. The father had notice and an opportunity to be heard on the new allegations and was aware that DCF was seeking a restriction on his visitation rights as well as any other relief necessary and reasonable to protect the children. There was no denial of the father’s procedural due process rights.
 

 Petition for Writ of Certiorari DENIED.
 

 GRIFFIN and JACOBUS JJ„ concur.
 

 [1]
 

 . The mother has not sought review of the trial court's order.
 

 [2]
 

 . Prior to the 2007 rule amendments, Rule 8.400(b) provided:
 

 (b)Amendments.
 

 (1)The case plan may be amended by:
 

 (A) the parties at any time provided agreement is unanimous, and the amendment is approved by the court;
 

 (B) die court on motion of a party after notice to all other parties; or
 

 (C) the court.
 

 (2) If any party objects to the amendment of the case plan, the court must conduct a hearing allowing each party to present evidence and information as permitted in rule 8.340(a).
 

 (3) Any amendment granted by the court must be based on competent evidence.
 

 [3]
 

 . Section 39.6013, Florida Statutes (2009) provides:
 

 (1) After the case plan has been developed under s. 39.6011, the tasks and services agreed upon in the plan may not be changed or altered in any way except as provided in this section.
 

 (2) The case plan may be amended at any time in order to change the goal of the plan, employ the use of concurrent planning, add or remove tasks the parent must complete to substantially comply with the plan, provide appropriate services for the child, and update the child’s health, mental health, and education records required by s. 39.6012.
 

 (3) The case plan may be amended upon approval of the court if all parties are in agreement regarding the amendments lo the plan and the amended plan is signed by all parties and submitted to the court with a memorandum of explanation.
 

 (4) The case plan may be amended by the court or upon motion of any party at any hearing to change the goal of the plan, employ the use of concurrent planning, or add or remove tasks the parent must complete in order to substantially comply with the plan if there is a preponderance of evidence demonstrating the need for the amendment. The need to amend the case plan may be based on information discovered or circumstances arising after the approval of the case plan for:
 

 (a) A previously unaddressed condition that, without services, may prevent the child from safely returning to the home or may prevent the child from safely remaining in the home;
 

 (b) The child's need for permanency, taking into consideration the child's age and developmental needs;
 

 (c) The failure of a party to substantially comply with a task in the original case plan, including the ineffectiveness of a previously offered service; or
 

 (d) An error or oversight in the case plan.
 

 (5) The case plan may be amended by the court or upon motion of any party at any hearing to provide appropriate services to the child if there is competent evidence demonstrating the need for the amendment. The reason for amending the case plan may
 
 *700
 
 be based on information discovered or circumstances arising after the approval of the case plan regarding the provision of safe and proper care to the child.
 

 (6) The case plan is deemed amended as to the child’s health, mental health, and education records required by s. 39.6012 when the child's updated health and education records are filed by the department under s. 39.701(8)(a).
 

 (7) Amendments must include service interventions that are the least intrusive into the life of the parent and child, must focus on clearly defined objectives, and must provide the most efficient plan to quick reunification or permanent placement given the circumstances of the case and the child's need for safe and proper care. A copy of the amended plan must be immediately given to the persons identified in s. 39.601 L(6)(b).