LAWSON, J.
 

 M.M., the mother of B.D. and S.D., appeals a final order awarding permanent custody of her two middle children to their
 
 *1201
 
 non-offending father under section 39.521(3), Florida Statutes, and terminating jurisdiction over her dependency case. The final order was entered at a hearing on the mother’s motion for reunification with her children, which alleged that she had substantially complied with her case plan. The Department of Children and Families (DCF) had also reported the mother’s substantial compliance with the case plan. The trial court, however, never determined whether the mother had substantially complied with her case plan or whether reunification would be detrimental to the children, as required by section 39.522(2), Florida Statutes. This court has repeatedly held that it is reversible error to permanently award custody to a non-offending parent when the offending parent has a case plan goal of reunification and has either substantially complied with the plan, or where the time for compliance has not yet expired — -at least without a finding that reunification would be detrimental to the children.
 
 E.g., K.E. v. Dep’t of Children and Families,
 
 958 So.2d 968, 972 (Fla. 5th DCA 2007);
 
 R.H. v. Dep’t of Children and Families,
 
 948 So.2d 898, 900 (Fla. 5th DCA 2007);
 
 D.G. v. Dep’t of Children and Families,
 
 903 So.2d 1042 (Fla. 5th DCA 2005);
 
 D.S. v. Dep’t of Children and Families,
 
 900 So.2d 628, 631-32 (Fla. 5th DCA 2005). Accordingly, we reverse the final order and remand for further proceedings consistent with this binding precedent. On remand, the trial court must first determine whether the mother has substantially complied with her case plan before proceeding further.
 

 REVERSED and REMANDED.
 

 ORFINGER and TORPY, JJ., concur.