VILLANTI, Judge.
 

 L.K., the Mother, appeals the trial court’s order that terminated protective supervision and awarded permanent custody of her daughter, A.F., to the child’s father. She argues that the trial court erred by entering this order without determining whether she had substantially complied with her case plan and without considering the best interests of the child. Both the Department of Children and Family Services and the Guardian ad Li-tem have conceded error based on the plain language of section 39.522(2), Florida Statutes (2007), which provides that “[i]n cases where the issue before the court is whether a child should be reunited with a parent, the court
 
 shall determine
 
 whether the parent has substantially complied with the terms of the case plan to the extent that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the return of the child to the home.” (Emphasis added.)
 
 See also M.M. v. Dep’t of Children & Families,
 
 29 So.3d 1200, 1201 (Fla. 5th DCA 2010) (“[I]t is reversible error to permanently award custody to a non-offending parent when the offending parent has a ease plan goal of reunification and has ... substantially complied with the plan ... without a finding that reunification would be detrimental to the children.”).
 

 Accordingly, we reverse the order on appeal and remand for further proceedings. On remand, the trial court must hold a hearing to determine whether the Mother has substantially complied with her case plan and, if so, whether reunification would be in the manifest best interests of A.F.
 

 Reversed and remanded for further proceedings.
 

 SILBERMAN and WALLACE, JJ., Concur.