KHOUZAM, Judge.
 

 C.M., the mother of G.M., appeals two final orders dated June 22, 2011, which denied her motion for reunification and terminated protective supervision with her child in the custody of his nonoffending father. Because the trial court failed to make statutorily required findings, we reverse the orders and remand for further proceedings.
 

 The Department of Children and Family Services (Department) filed a petition for dependency regarding G.M. on May 20, 2009.
 
 [1]
 
 The Child was adjudicated dependent on June 15, 2009, and was initially placed in the care of his maternal grandmother. He was reunified with his father in Georgia on December 16, 2009, and has resided with him since that time.
 

 At judicial reviews held during 2010, each parent was found to be in various levels of compliance with the case plan.
 
 *322
 
 After a judicial review on December 9, 2010, the court amended the goal to “continuing efforts to maintain and strengthen and a concurrent goal of reunification with Mother with expected achievement date of May 12, 2011.” After a judicial review on May 12, 2011, the court found both parents to be substantially compliant. In response to the order declaring her compliance substantial, the Mother filed a motion for reunification on June 7, 2011. The Department filed a motion for termination of supervision on June 14, 2011, arguing that the longevity and stability of the Child’s placement with the Father no longer warranted protective supervision.
 

 On June 22, 2011, the trial court denied the Mother’s motion and granted the Department’s motion. The order denying the Mother’s motion consisted of the handwritten word “Denied” on an order sheet and contained no findings of fact or further explanation. The order granting the Department’s motion made a series of findings, including in pertinent part that the Child was in stable and permanent placement with the Father, that both parents had substantially complied with their case plans, and that it would be in the Child’s best interests to remain in the long-term custody of the Father. The Mother timely appealed both orders.
 

 Section 39.621(10), Florida Statutes (2010), provides:
 

 The court shall base its decision concerning any motion by a parent for reunification or increased contact with a child on the effect of the decision on the safety, well-being, and physical and emotional health of the child.
 
 Factors that must be considered and addressed, in the findings of fact of the order on the motion must include:
 

 (a)The compliance or noncompliance of the parent with the case plan;
 

 (b) The circumstances which caused the child’s dependency and whether those circumstances have been resolved;
 

 (c) The stability and longevity of the child’s placement;
 

 (d) The preferences of the child, if the child is of sufficient age and understanding to express a preference;
 

 (e) The recommendation of the current custodian; and
 

 (f) The recommendation of the guardian ad litem, if one has been appointed.
 

 (Emphasis added). “Courts lack the authority to deviate from statutory requirements when determining the placement of a child,” and therefore, “[a] finding regarding each of these factors is mandatory and vital to a proper order denying reunification.”
 
 L.J.S. v. Dep’t of Children & Families,
 
 995 So.2d 1151, 1153 (Fla. 1st DCA 2008).
 

 Additionally, section 39.522(2) requires that when a court considers whether a child should be reunited with a parent, it “shall determine whether the parent has substantially complied with the terms of the case plan to the extent that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the return of the child to the home.” As a result, “[i]t is well-established that, when a parent requests reunification and has substantially complied with [her] case plan, there is a presumption that the children should be returned unless it is established that returning the children would endanger them.”
 
 L.J.S.,
 
 995 So.2d at 1152-53. Without finding that reunification would be detrimental to the child, it is reversible error to permanently award custody to a nonoffending parent when the offending parent has a case plan goal of reunification and has substantially complied with the plan.
 
 See L.K. v. Dep’t of Children & Family Servs.,
 
 39 So.3d 1288, 1289 (Fla. 2d DCA 2010).
 

 
 *323
 
 Here, the order denying the Mother’s motion did not include any of the required findings under either statute. It included neither the mandatory factors in section 39.621(10) nor the requisite finding under section 39.522(2) that reunification would endanger the child. It is therefore facially deficient.
 

 The order granting the Department’s motion is also facially deficient. The order does not include findings on three of the five
 
 [2]
 
 factors required under section 39.621(10). Although it does address factors (a) and (c) by noting the substantial compliance of the parents with their case plan and the stability and longevity of the Child’s placement, the remaining factors are omitted entirely. Additionally, the references to factors (a) and (c) are addressed in the context of justifying placement with the Father, rather than with respect to denying reunification with the Mother.
 

 Under these circumstances, we must reverse the orders on appeal and remand for further proceedings. On remand, the trial court must determine whether reunification with the Mother would endanger the child and must consider and address all applicable factors enumerated in section 39.621(10). The trial court may make these findings based on the record before it, and if unable to, then may hold an evidentiary hearing.
 

 Reversed and remanded.
 

 LaROSE and CRENSHAW, JJ„ Concur.
 

 [1]
 

 . Although the petition for dependency concerned all four of C.M.’s children, this appeal addresses only G.M.
 

 [2]
 

 . Because no guardian ad litem was appointed in this case, subsection (f) does not apply here.