NORTHCUTT, Judge.
A child, E.G-S., was taken into protective custody based on allegations of abuse at the hands of her mother, A.S. The Department of Children and Family Services filed a dependency petition against A.S. The child’s parents are divorced, and the petition made no allegations against the child’s father, J.G. The mother was offered a reunification case plan and she began working on her required tasks.
After a trial on the petition, the court declared E.G-S. dependent. Several weeks later, it entered a disposition order, placing the child with her nonoffending father and, on DCF’s motion, terminating its jurisdiction over the case and DCF’s supervision of the child.[1] A.S. challenges the order of dependency, but we have de *79 termined that it was supported by a preponderance of the evidence, and we affirm it without further discussion.[2] A.S. also contends that her due process rights were violated when the court terminated jurisdiction and supervision. We find merit in this argument. We reverse a portion of the disposition order and remand for further proceedings consistent with this opinion.
A.S. asserts that her due process rights were violated because she had no notice that the court would determine her child’s permanent placement at the disposition hearing. But she did have notice— the predisposition report, served ten days before the hearing, recommended in writing that E.G-S. be placed -with her father and that jurisdiction and supervision be terminated. See Fla. R. Juv. P. 8.345(b) (stating that a party seeking to terminate supervision or jurisdiction can do so “by written motion or in a written report to the court ”) (emphasis supplied).
That does not end our analysis, however. All procedures in a dependency case must comport with due process principles. A.L. v. Dep’t of Children & Families, 53 So.3d 324 (Fla. 5th DCA 2010). Here, it is undisputed that the court accepted a reunification case plan for the mother at the dependency trial. The case plan in our record anticipates a compliance date of February 22, 2013. At the June 11, 2012, disposition hearing, the mother’s counsel objected to DCF’s request to terminate jurisdiction and supervision. Counsel alerted the court to the fact that A.S. was working on her case plan, and he argued that she should have the opportunity to complete it. The case manager commented that the mother had already performed many of the tasks set forth in the plan, some eight months before the compliance date. The court itself commended A.S. on her diligence.
Numerous cases have held that a court may not place a child permanently with a nonoffending parent when the offending parent is either in substantial compliance with a reunification case plan or the time for compliance has not expired. See M.M. v. Dep’t of Children & Families, 29 So.3d 1200, 1201 (Fla. 5th DCA 2010) (and cases cited therein). In A.L., the court examined facts very similar to those in this case. The children had been found dependent based on their mother’s actions and the circuit court had placed them in the custody of their nonoffending father. On the father’s motion, the court terminated jurisdiction and supervision at a time when the mother was still making progress on her reunification case plan. 53 So.3d at 326-27.
The Department maintained that this procedure did not effect a significant deprivation of the mother’s due process rights because she could move for modification of custody when she completed her case plan. But the Fifth District disagreed. It held that the possibility of a modification did not excuse depriving a parent of a reasonable opportunity to meet her case plan goals in the absence of evidence that doing so would be detrimental to the children’s best interests. Id. at 328.
In this case, DCF did not present any evidence that it would harm E.GS.’s interests to leave the case pending while A.S. completed her case plan. In *80 fact, no evidence at all was presented at the disposition hearing. To comport with due process when a child’s permanent placement is at issue, a court must hold an evidentiary hearing. See P.P. v. Dep’t of Children & Family Servs., 86 So.3d 556, 559 (Fla. 2d DCA 2012).
We recognize that section 39.521(3)(b)(l), Florida Statutes (2011), gives a court the option to place a dependent child with a nonoffending parent and to terminate jurisdiction over the child. This is clearly permissible when an offending parent has not complied with a case plan. See T.W. v. Dep’t of Children & Family Servs., 946 So.2d 1214 (Fla. 2d DCA 2006). But when the parent is diligently working on a reunification case plan, proceeding in that fashion effectively produces a de facto amendment of the reunification goal. See K.E. v. Dep’t of Children & Families, 958 So.2d 968, 971-72 (Fla. 5th DCA 2007) (citing R.H. v. Dep’t of Children & Families, 948 So.2d 898, 899-900 (Fla. 5th DCA 2007)). Again, due process requires that a court determine the propriety of amending a case plan only after an evidentiary hearing. See Fla. R. Juv. P. 8.420(a)(3) (providing that the court may amend the goal of a case plan “if there is a preponderance of evidence demonstrating the need for the amendment”).
The alternative option, in section 39.521(3) (b) (2), allows the court to order that reunification services be provided to the noncustodial parent and to change custody if need be, based on the best interest of the child. In this case, the court received no evidence suggesting that giving A.S. a reasonable opportunity to complete her case plan tasks would be detrimental to the child, and there was no evidentiary basis for altering the plan’s reunification goal. Under these circumstances, the court should have proceeded under subsection (3)(b)(2).
We affirm the disposition order insofar as it places E.G-S. in her father’s custody. But we reverse the order to the extent that it terminates jurisdiction and supervision. On remand, the court may allow A.S. to work toward reunification under her present case plan, but it must continue jurisdiction over the case and supervision of the child. See § 39.521(3)(b)(2). If DCF again requests that jurisdiction and supervision be terminated, procedural due process requires the court to hold an evi-dentiary hearing to determine whether allowing the case to remain pending while A.S. completes her case plan would be detrimental to the child’s interest, and if so, whether a preponderance of the evidence supports changing the goal of her case plan.
Affirmed in part, reversed in part, and remanded.
KELLY and VILLANTI, JJ., Concur.

. The dependency order was actually rendered after rendition of the disposition order.

. The judge in this case found that the allegations were supported by a preponderance of the evidence. In a dependency case, that standard is sufficient. See R.F. v. Fla. Dep’t of Children & Families, 770 So.2d 1189, 1192 (Fla.2000). If a court finds that the evidence is sufficient to meet the clear and convincing standard, it may state as much in the order. See id. at 1192 n. 8; Fla. R. Juv. P. 8.330(a).