PER CURIAM.
In this guardianship action, Appellant, Marcia Weiser, appeals the trial court’s non-final order denying her motion for reimbursement of attorneys’ fees and motion for reimbursement of loans/advances to the guardianship. We reverse.
Appellant and her brother, Sandy Weiser, were serving as co-guardians of their mother. During the pendency of the guardianship, Appellant filed the following motions: (1) Motion for Authorization and Direction for Co-Guardians and Co-Trustees to Pay for Nursing Care; (2) Motion for Reimbursement of Attorneys’ Fees; and (3) Motion for Reimbursement of Loans/Advances to Guardianship. Appellant properly noticed the motions for hearing. At the beginning of the hearing, the trial court announced that none of the motions would be continued if the parties ran out of time. Appellant’s attorney decided to first proceed on the motion to pay for nursing care.
Towards the end of the hearing, the trial court allowed brief arguments and reminded the attorneys that the total time allotted for the hearing on all motions was ending. The trial court then denied the first (and only) motion argued. Upon the parties’ inquiry into the court’s determination with respect to the two other motions, the court denied them with prejudice on the grounds that they were not reached by the parties during the time allotted. This appeal follows.
Appellant argues that her due process right to be heard was violated when the trial court summarily denied the remaining motions with prejudice based solely on the grounds that the time for the hearing had expired, without considering the merits of each motion.
We need not determine whether Appellant’s counsel objected to the trial court’s ruling or whether preservation requires a specific objection to respond to such a sua sponte action. Our review is proper if the trial court’s actions constitute fundamental error. See Aills v. Boemi, 29 So.3d 1105, 1108, 1109 (Fla.2010). Funda *311 mental error occurs when the error goes “to the heart of a trial and vitiate[s] its fairness.” Grau v. Branham, 761 So.2d 375, 378 (Fla. 4th DCA 2000).
The denial of due process rights, including the opportunity to be heard, to testify, and to present evidence, is fundamental error. Slotnick v. Slotnick, 891 So.2d 1086, 1089 (Fla. 4th DCA 2004). In Slotnick, we held that due process is violated when a trial court summarily disposes of the issues without allowing either party to present evidence, even if the issues were informally discussed with the attorneys. Id. (“This summary process, while initially appearing efficient, denied the [appellant] her due process of law.”).
We conclude that the trial court erred because its decision was based solely on the ground that the allotted time for the hearing ran out. By doing so, the trial court failed to provide Appellant with a meaningful opportunity to be heard. See id. Appellee counters that the trial court previously heard Appellant’s arguments and took evidence in connection with both motions before ruling. There is no support in the record for Appellee’s contention. Where a trial court grants a party a hearing on a motion, the court must give each party a meaningful opportunity to be heard before rendering its decision on the motion.
Accordingly, we reverse the order denying Appellant’s motion for attorneys’ fees and motion for reimbursement of loans/advances to the guardianship and remand for further proceedings.

Reversed and Remanded for appropriate proceedings.

DAMOORGIAN, C.J., MAY and FORST, JJ., concur.