DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEPARTMENT OF CHILDREN AND FAMILIES,** and **A.H., A CHILD,**
Appellants,

v.

**T.S., THE MOTHER** and **R.H., THE FATHER,**
Appellees.

No. 4D14-3629

[January 21, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 2014DP300413JL.

Rosemarie Farrell for Department of Children and Families, Orlando, and Alexandra St. Pierre of Juvenile Advocacy Project, West Palm Beach, for A.H., the Child.

No brief filed on behalf of appellees.

MAY, J.

The Department of Children and Families ("DCF") and the child appeal an order dismissing a petition for dependency at arraignment over the objection of both DCF and the child. They argue the trial court committed fundamental error and violated the child's due process rights by dismissing the petition without notice and an opportunity to be heard. We agree and reverse.[1]

On June 10, 2014, DCF filed a verified shelter petition detailing multiple abuse reports over the previous two months. At the time of the shelter hearing, it was unknown when the child last attended school. A no contact order was in place for the father.

---

[1] We have recently been advised that "the mother has consented to the dependency of the child . . . with a goal of permanent guardianship." "[B]ecause the issue is important and capable of repetition yet evading review," a written opinion is warranted. *L.M.B. v. Dep't of Children & Families*, 28 So. 3d 217, 218 (Fla. 4th DCA 2010).

There were no family members with whom the child could reside. DCF transported the child to a shelter from which she absconded. DCF subsequently transported the child to an out-of-county placement; she ran away again. She was still missing at the time of the arraignment.

On June 10, 2014, the trial court held the shelter hearing with DCF, the child protective investigator ("CPI"), and the caseworker present. The trial court found probable cause that reasonable grounds for removal existed "based on the allegations in the verified shelter petition." It also found that shelter care was necessary and in the best interests of the child because she had been "abused, abandoned, or neglected, or [was] in imminent danger of illness or injury as a result." The trial court ordered the child to remain in shelter care. The court appointed a guardian ad litem and provisionally appointed an attorney ad litem.

On June 26, 2014, the CPI conducted a pre-disposition study for dependency. The study revealed that the child threatened to run away if placed in foster care. The mother needed to attend drug rehabilitation. The mother did not have a good relationship with her family, but believed she was a good mother. She had been involved with DCF before, but her children were never taken away. The case history included "eighteen prior reports involving family violence, inadequate supervision, physical injury, and substance misuse." The CPI determined that "[t]here is an imminent risk to the child."

An arraignment hearing was set for July 2, 2014; DCF filed the dependency petition. The arraignment was reset three times due to DCF's difficulty in locating and serving both parents. DCF was in the process of conducting a diligent search for the father and attempting to serve the mother at her rehabilitation program. A pick-up order remained outstanding for the child.

On August 27, 2014, the trial court held a fourth arraignment.[2] When the trial court was advised that the parents and the child could not be located, it responded, "Why – why are we fooling around with it then? Why don't we just dismiss it? Who cares? They don't want us, we don't want them, we got more – she's 17 years old, when is she going to be 18?" The trial court asked where the mother was located and DCF responded that it had attempted to serve her several times, but the rehabilitation program would not verify whether the mother was there.

---

[2] The previous three arraignment hearings were held in front of Judge Kroll, but the fourth was in front of Judge Colton.

The trial court responded, "I couldn't care really less about where she is. Where is [the child], that's who. I don't care." After a few people stated that they did not have contact with the child, the following transpired:

[The Court]:          Let's dismiss the case.

[Legal Aid]:          Your Honor, we would object –

[Unknown Speaker]: We have a staffing procedure we have to go through before we can do that.

[The Court]:          Well, I can dismiss the case. I – case dismissed.

[Legal Aid]:          No, Your Honor –

[Unknown Speaker]: We have adopted the pendency [sic] petition at that point. It's not in the child's best interest for the case to be dis –

[The Court]:          Then you find her and bring her back in and then we'll do it, okay? Case dismissed. You find her, bring her back in, and we'll start all over again. Next case.

[Unknown Speaker]: Just we'll write something up over objection.

[The Court]:          All right. Over objection, by all means, over objection.

The hearing took less than three minutes.

The trial court *sua sponte* dismissed the verified petition for adjudication of dependency, reasoning that, "[t]he child has absconded from [DCF] custody and the location of the parents are unknown. [DCF's] dependency petition is hereby dismissed over the objection of the Child's Attorney and [DCF]. The case, including shelter status, is hereby closed and dismissed." Both DCF and the child moved for rehearing, which the trial court denied. DCF now appeals, joined by the child.

DCF argues the trial court violated its due process rights and those of the child by dismissing the case without notice, a hearing, and the opportunity to present evidence and be fully heard. The child argues the lack of proper notice, coupled with the denial of any meaningful opportunity to be heard and to present evidence, violated her due process

3

rights, constituting fundamental error.

"We review whether a party was denied the opportunity to be heard for abuse of discretion." *C.K. v. Dep't of Children & Family Servs.*, 88 So. 3d 975, 977 (Fla. 2d DCA 2012).

"All procedures in a dependency case must comport with due process principles." *E.G-S. v. Dep't of Children & Family Servs.*, 113 So. 3d 77, 79 (Fla. 2d DCA 2013) (citation omitted). When due process is denied, fundamental error occurs. *Weiser v. Weiser*, 132 So. 3d 309, 311 (Fla. 4th DCA 2014) (citation omitted).

Chapter 39 "provide[s] judicial and other procedures to assure due process through which children, parents, . . . and other interested parties are assured fair hearings by a . . . respected court . . . and the recognition, protection, and enforcement of their constitutional and other legal rights." § 39.001(1)(*l*), Fla. Stat. (2014). Procedural due process requires "'fair notice and a real opportunity to be heard.'" *C.K.*, 88 So. 3d at 977 (quoting *Borden v. Guardianship of Borden-Moore*, 818 So. 2d 604, 607 (Fla. 5th DCA 2002)).

An arraignment provides the opportunity "for the parent or legal custodian to admit, deny, or consent to findings of dependency alleged in the petition." § 39.506(1)–(2), Fla. Stat. (2014). Depending on the parents' response, a disposition hearing will be held within fifteen or thirty days of the arraignment hearing. *Id.* An adjudicatory hearing is held "no later than [thirty] days after the arraignment." § 39.507(1)(a), Fla. Stat. (2014).

Here, the arraignment was reset three times. The August 27th notice was for an arraignment. The notice did not provide for an adjudication or disposition of the petition. Neither the child nor DCF was on notice that the case might be dismissed. Neither the child nor DCF was allowed to present evidence or recommend what disposition was in the best interests of the child. Not only was the notice insufficient, there was no meaningful opportunity for either the child or DCF to be heard. *See Keys Citizens for Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth.*, 795 So. 2d 940, 948 (Fla. 2001).

Notice and an opportunity to be heard are the hallmarks of due process. Here, that due process was missing. *See Dep't of Children & Families v. K.H.*, 937 So. 2d 807, 808 (Fla. 5th DCA 2006). Both the child's and DCF's due process rights were violated. The order of dismissal must be reversed.

DCF also argues the trial court erred in not considering the best

interests of the child. We agree. At the heart of all dependency proceedings is the best interests of the child. *B.Y. v. Dep't of Children & Families*, 887 So. 2d 1253, 1256 (Fla. 2004).

"When the court obtains jurisdiction of any child who has been found to be dependent, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches [twenty-one] years of age," subject to a few exceptions. § 39.013(2), Fla. Stat. (2014). Had the trial court eventually adjudicated the child dependent, it would not have been divested of jurisdiction over the child upon her 18th birthday, and could provide needed services. Thus, not only did the trial court fail to make a best interests determination, its dismissal was actually adverse to the child's best interests.

We therefore reverse and remand this case to the trial court to reinstate the petition.

*Reversed and Remanded for further proceedings consistent with this opinion.*

STEVENSON and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

5