# Third District Court of Appeal

## State of Florida

Opinion filed June 14, 2017.

_____

No. 3D17-697
Lower Tribunal No. 16-15020

_____

**J.G., the Mother,**
Petitioner,

vs.

**Department of Children and Families, and the Guardian ad Litem Program,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Rosa Figarola, Judge.

Marc Anthony Douthit, for petitioner.

Karla Perkins, for respondent Department of Children & Families; Laura J. Lee (Sanford), for respondent Guardian ad Litem Program.

Before ROTHENBERG, SCALES, and LUCK, JJ.

<u>CONFESSION OF ERROR</u>

ROTHENBERG, J.

J.G., the Mother ("Mother"), petitions this Court for a writ of certiorari to review the trial court's order terminating the Department of Children and Families' ("Department") supervision over the Mother's minor child, M.G. Based on the Department's proper and commendable confession of error, we grant the petition, quash the order under review, and remand for an evidentiary hearing consistent with section 39.522(2), (3), Florida Statutes (2017).

The Mother's minor children, including M.G., were adjudicated dependent in February 2016. Thereafter, several case plans were filed with the stated goal of reuniting the Mother and M.G. On January 12, 2017, the Mother filed a motion for reunification, asserting that she had completed her case plan services and had been having unsupervised overnight visitations with M.G.

Without conducting a hearing on the Mother's motion for reunification, the trial court, on February 23, 2017, entered an order, over the Mother's objection, which granted the Department's motion to terminate protective supervision as to M.G., who was in the custody of her non-offending father; allowed the Mother unsupervised visitation with M.G. twice a week for four hours per visit; and stated that the trial court was not retaining jurisdiction.

In this petition for writ of certiorari, the Mother contends that the trial court departed from the essential requirements of law by granting the Department's

2

motion to terminate protective services without conducting a hearing on the Mother's motion for reunification.[1]  We agree.

As the Department has properly conceded, the Mother is entitled to an evidentiary hearing on her motion for reunification.  Section 39.522(2), Florida Statutes (2017), provides:

> In cases where the issue before the court is whether a child should be reunited with a parent, the court shall determine whether the parent has substantially complied with the terms of the case plan to the extent that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the return of the child to the home.

Further, section 39.522(3) requires the trial court to determine whether the minor child should nonetheless stay with the non-offending parent even though the trial court has determined that the offending parent is in substantial compliance with the case plan.  In making this determination, "the standard shall be that the safety, well-being, and physical, mental, and emotional health of the child would not be endangered by reunification and that reunification would be in the best interest of the child."

---

[1]  A party seeking certiorari relief must demonstrate that the trial court's order "depart[s] from the essential requirements of law, resulting in irreparable harm that cannot be adequately remedied on final appeal." Millennium Diagnostic Imaging Ctr., Inc. v. State Farm Mut. Auto. Ins. Co., 129 So. 3d 1086, 1089 (Fla. 3d DCA 2013).  The last two elements are often referred to as irreparable harm, see Stockinger v. Zeilberger, 152 So. 3d 71, 73 (Fla. 3d DCA 2014), and "[t]he establishment of irreparable harm is a condition precedent to invoking certiorari jurisdiction." Id.  Here, the Mother has established the jurisdictional prerequisites to certiorari relief.

We, therefore, grant the petition, quash the order under review, and remand with instructions for the trial court to conduct an evidentiary hearing consistent with section 39.522(2), (3), Florida Statutes (2017).

Petition granted; order quashed; remanded for further proceedings.