IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

K.C., MOTHER of J.C., a CHILD,

     Appellant,

 v.                                               Case No. 5D17- 2266

DEPARTMENT OF CHILDREN AND FAMILIES,

     Appellee.

_____/

Opinion filed October 18, 2017

Appeal from the Circuit Court
in and for Brevard County,
Kelly McKibben, Judge.

Ryan Thomas Truskoski, Lori D. Loftis,
and Jeffrey Deen, of Office of Criminal and
Civil Regional Counsel, Casselberry, for
Appellant.

Wendie Michelle Cooper, Appellate
Counsel, Guardian ad Litem Program,
Sanford.

Kelley Schaeffer, Appellate Counsel,
Children's Legal Services, Bradenton, for
Appellee.


WALLIS, J.

       Appellant ("Mother") appeals the trial court's order awarding permanent custody of

her child to the non-offending parent ("Father"), denying reunification with her, and

relinquishing jurisdiction by erroneously applying section 39.521(3)(b), Florida Statutes

(2015), resulting in an order permanently placing the child with Father. The Department of Children and Families concedes error.

We have repeatedly held that a court commits reversible error when it "permanently award[s] custody to a non-offending parent when the offending parent has a case plan goal of reunification and has either substantially complied with the plan, or where the time for compliance has not yet expired—at least without a finding that reunification would be detrimental to the children." M.M. v. Dep't of Child. & Fams., 29 So. 3d 1200, 1201 (Fla. 5th DCA 2010) (citing K.E. v. Dep't of Child. & Fams., 958 So. 2d 968, 972 (Fla. 5th DCA 2007); R.H. v. Dep't of Child. & Fams., 948 So. 2d 898, 900 (Fla. 5th DCA 2007); D.G. v. Dep't of Child. & Fams., 903 So. 2d 1042, 1042 (Fla. 5th DCA 2005); D.S. v. Dep't of Child. & Fams., 900 So. 2d 628, 631-32 (Fla. 5th DCA 2005)); see also B.W. v. Dep't of Child. & Fams., 114 So. 3d 243, 249 (Fla. 5th DCA 2013).

Here, the trial court ordered Mother to comply with a case plan instituted in 2016 with the goal of reunification. Throughout the pendency of the case plan, the trial court held review hearings and found that Mother was working diligently toward the completion of the plan. Despite Mother's progress, the trial court subsequently gave Father permanent custody and closed the case, without making a finding that reunification with Mother would either endanger the child or not be in the child's best interest pursuant to section 39.522(3), Florida Statutes. Accordingly, we reverse and remand for an evidentiary hearing. See M.M., 29 So. 3d at 1201.

REVERSED and REMANDED with Instructions.

EDWARDS and EISNAUGLE, JJ., concur.