LAMBERT, J.
The Department of Children and Families ("DCF") appeals the trial court's final order dismissing its petition for dependency at arraignment. We previously stayed this order, and as explained below, we now reverse and remand for further proceedings.
B.Y. ("Father") is the father of C.Y., a two-year-old child ("Child"). Father, Child, and Child's mother all reside in Orange County, Florida. On July 16, 2018, following an affidavit and petition filed by DCF, the trial court entered an emergency shelter order, finding that probable cause existed to shelter Child because Child was vulnerable and at imminent risk for prospective abuse by Father. The order precluded Father from living in the same house with Child. A Guardian ad Litem ("GAL") was also appointed to act on behalf of Child.
On July 26, 2018, DCF filed a dependency petition. That same day, the court held an arraignment. At this hearing, Father and Child's mother, through their respective attorneys, made oral motions to the court to dismiss the dependency proceeding. Neither parent contended that the dependency petition was legally insufficient. Rather, both argued that the petition should be dismissed because a separate dependency proceeding was already pending in Palm Beach County against Father regarding his alleged abuse of another minor child that he had with a different woman. The trial court, without addressing the sufficiency of the pleading, entered the order under review dismissing the case, discharging the GAL and counsel, and "terminat[ing]" its jurisdiction.
DCF argues on appeal that the trial court violated both its due process rights and those of Child in dismissing the action without proper notice and without making a separate determination as to whether dismissal of the dependency proceeding was in Child's best interest. See B.Y. v. Dep't of Child. & Fams. , 887 So.2d 1253, 1256 (Fla. 2004) (recognizing that "[t]he courts are charged with the duty of ensuring that the best interests of the children are advanced" (citing In re Adoption of Doe , 543 So.2d 741, 745 (Fla. 1989) ) ). The GAL filed a separate brief agreeing with DCF that the court erred in dismissing the case without considering the best interest of Child. The GAL separately argued that although it may eventually be appropriate for the court to consider transferring the case to another circuit, there was no present or justifiable basis for an outright dismissal of the proceeding at arraignment where the court clearly had jurisdiction over both parents and Child, who all reside in Orange County.
We begin with the basic premise that "[a]ll procedures in a dependency case must comport with due process principles," Dep't of Child. & Fams. v. T.S. , 154 So.3d 1223, 1226 (Fla. 4th DCA 2015) (quoting E.G-S. v. Dep't of Child. & Fam. Servs. , 113 So.3d 77, 79 (Fla. 2d DCA 2013) ), and that "[w]hen due process is denied, fundamental error occurs." Id. (citing *440 Weiser v. Weiser , 132 So.3d 309, 311 (Fla. 4th DCA 2014) ). Procedural due process requires that parties have "fair notice and a real opportunity to be heard." Id. (quoting C.K. v. Dep't of Child. & Fam. Servs. , 88 So.3d 975, 977 (Fla. 2d DCA 2012) ). In the instant case, the parties were before the court for an arraignment. At arraignment, the parent or legal custodian of the child may admit, deny, or consent to findings of dependency as alleged in the petition. See § 39.506(1) - (2), Fla. Stat. (2018). Depending on the responses given, the court will then hold a disposition hearing within fifteen or thirty days of the arraignment. Id.
Here, there was nothing that would have placed DCF on notice that an apparently dispositive motion to dismiss would be raised at arraignment and thereafter immediately considered by the court. Accordingly, because we conclude that DCF and Child were prejudiced by not being provided with their due process rights of notice and a meaningful opportunity to prepare for and be heard on the parents' motions to dismiss the dependency petition, we reverse the order of dismissal with directions to reinstate the petition.[1]
REVERSED and REMANDED for further proceedings consistent with this opinion.
EISNAUGLE and HARRIS, JJ., concur.

As previously stated, the GAL recognized that under some circumstances a trial court has the authority to transfer a juvenile case. Florida Rule of Juvenile Procedure 8.205(b) provides, in pertinent part, that:
The court may transfer any case after adjudication, when adjudication is withheld, or before adjudication where witnesses are available in another jurisdiction, to the circuit court for the county in which is located the domicile or usual residence of the child or such other circuit as the court may determine to be for the best interest of the child and to promote the efficient administration of justice.
We take no position on whether or not this case should be transferred to Palm Beach County. If raised below, then all parties must be provided with fair notice and a reasonable opportunity to be heard on any possible transfer.