# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-109
_____

J.B., Father of M.L.B., Minor
Child,

    Petitioner,

    v.

DEPARTMENT OF CHILDREN AND
FAMILIES,

    Respondent.

_____


Petition for Writ of Certiorari—Original Jurisdiction

April 11, 2019


RAY, J.

The father of M.L.B., a minor child, filed a petition for writ of certiorari in this Court seeking review of a post-disposition dependency order that placed the minor child in the sole custody of the child's mother, modified the father's visitation, and terminated protective services supervision. Of the issues presented, we find merit in the father's argument that he was denied due process when the trial court terminated protective services supervision at a hearing for which the father was not given notice that the matter would be considered. We reject the father's other arguments without further comment.

Florida Rule of Juvenile Procedure 8.345(b) provides that any party requesting termination of agency supervision must do so by written motion or in a written report to the court. No such request was filed in this case. Instead, the termination-of-services issue was first raised by the agency in an *ore tenus* motion at a hearing on custody and visitation. The court granted the requested relief, over the father's objection.

Due process in dependency proceedings requires "fair notice and a real opportunity to be heard." *Dep't of Children & Families v. T.S.*, 154 So. 3d 1223, 1226 (Fla. 4th DCA 2015). Because neither was provided in this case, we grant certiorari relief and quash the portion of the order that terminates the agency's protective services supervision. *See R.H. v. Dep't of Children & Families*, 948 So. 2d 898, 899 (Fla. 5th DCA 2007) (noting that it was error and a violation of a parent's due process rights to terminate protective supervision without prior notice that the issue would be decided); *A.W.P. v. Dep't of Children & Family Servs.*, 10 So. 3d 134, 135–36 (Fla. 2d DCA 2009) (issuing a writ of certiorari in a dependency proceeding after finding the trial court violated a parent's due process rights by failing to provide "notice and a real opportunity to be heard").

DENIED in part and GRANTED in part.

WETHERELL and WINSOR, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Jason A. Cobb, DeFuniak Springs, for Petitioner.

Sarah J. Rumph of Children's Legal Services, Tallahassee, for Respondent.