PER CURIAM.
*557 L.S., the mother of L.S.-M., a minor child, appeals the Order on Mother's Motion and Order Terminating Supervision and Relinquishing Jurisdiction that was entered without affording her an opportunity to present evidence.[1] The circuit court expressly stated in its order that it did not perform a best interest analysis or address issues of time sharing at the hearing. This was error. Before permanently awarding custody to the father, the non-offending parent, the circuit court was required to hold an evidentiary hearing on Mother's motion for reunification to allow the circuit court to consider whether the child would be endangered by being returned to Mother's custody, and whether it was in the child's best interest to be returned to Mother's custody. See §§ 39.522(3), 39.621(11), Fla. Stat. (2018) ; K.C. v. Dep't of Child. & Fams., 227 So. 3d 783, 783 (Fla. 5th DCA 2017) (reversing and remanding for evidentiary hearing where court awarded permanent custody to non-offending parent and closed the case without making finding that reunification with offending parent, who substantially complied with case plan, would either endanger child or not be in child's best interest pursuant to section 39.522(3) ); see also J.G. v. Dep't of Child. & Fams., 220 So. 3d 555, 557 (Fla. 3d DCA 2017) (reiterating that offending parent is entitled to evidentiary hearing on motion for reunification); In re E.G-S., 113 So. 3d 77, 80 (Fla. 2d DCA 2013) ("To comport with due process when a child's permanent placement is at issue, a court must hold an evidentiary hearing." (citing P.P. v. Dep't of Child. & Fam. Servs., 86 So. 3d 556, 559 (Fla. 2d DCA 2012) )).
Accordingly, we reverse the order under review and remand for an evidentiary hearing.
REVERSED and REMANDED.
EVANDER, C.J., BERGER and HARRIS, JJ., concur.

The parties agree that Mother substantially complied with her case plan.