DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**T.M.W.,** the Mother,
Appellant,

v.

**STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D21-948

[August 25, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 50-2019-DP-000785-XXXX-SB.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Andrew Feigenbaum, Children's Legal Services, West Palm Beach, for appellee.

Thomasina F. Moore, Statewide Director of Appeals, and Samantha C. Valley, Senior Attorney, Statewide Guardian Ad Litem Office, Tallahassee, for Guardian Ad Litem Program.

PER CURIAM.

We reverse the order placing T.M.W.'s children in a permanent guardianship with their maternal grandmother and terminating the supervision of the Department of Children and Families. The mother's due process rights were violated because she was not afforded fair notice that the hearing preceding the order on appeal was a permanency hearing.

In the dependency proceedings below, the trial court entered an order indicating that the next hearing would be a judicial review on January 5, 2021. Approximately one week before the hearing, the Department filed its Judicial Review Social Study Report (JRSSR), in which it indicated that the children stay in their current placement and that the goal was "Permanent Guardianship" with the maternal grandmother. The JRSSR

indicated that the upcoming hearing was a "Judicial Review hearing." The report contained the question, "Is this also a Permanency Review?", and an X appeared in the "No" box. The Guardian ad Litem (GAL) also filed a report, in which it recommended a permanent guardianship but identified the upcoming hearing as a "Judicial Review." Neither the JRSSR nor the GAL's report indicated that entry of a permanent guardianship was a potential outcome of the upcoming "judicial review."

At the hearing, following testimony, the trial court indicated it would change the case plan goal to permanent guardianship. Counsel for the Department and the GAL indicated that supervision could be terminated that day. The trial court entered an order establishing a permanent guardianship with the maternal grandmother and terminating protective supervision. This was error.

"The procedures utilized in a dependency action must comport with due process principles." *A.L. v. Dep't of Child. & Fams.*, 53 So. 3d 324, 328 (Fla. 5th DCA 2010). Due process includes fair notice. *See Dep't of Child. & Fams. v. T.S.*, 154 So. 3d 1223, 1226 (Fla. 4th DCA 2015).

A "judicial review" and a "permanency hearing" are not the same thing, and the terms may not be used interchangeably. Each is subject to its own governing statutes and procedural rule. Relevant to this case, judicial reviews are governed by Florida Rule of Juvenile Procedure 8.415 ("Judicial Review of Dependency Cases") and section 39.701, Florida Statutes (2021) ("Judicial review"). Neither the rule nor the statute on judicial reviews specifically contemplates immediate entry of a permanent guardianship or any other immediate, permanent, out-of-home placement of a child. A permanency determination in this case, on the other hand, would be governed by Florida Rule of Juvenile Procedure 8.425 ("Permanency Hearings"), section 39.621, Florida Statutes (2021) ("Permanency determination by the court"), and section 39.6221, Florida Statutes (2021) ("Permanent guardianship of a dependent child").

The trial court's order scheduled the subject hearing as a "judicial review," and the Department's JRSSR went so far as to deny that this was a permanency review. Due to the incorrect use of "judicial review," the mother did not have fair notice that the court may enter a final permanency order, and, thus, entry of such an order violated her due process rights. *See J.B. v. Dep't of Child. & Fam. Servs.*, 130 So. 3d 753, 754 (Fla. 2d DCA 2014) (reversing order placing children in permanent guardianship and terminating protective supervision and holding that father was not afforded adequate notice or opportunity to prepare where hearing "was noticed under Florida Rule of Juvenile Procedure 8.415 as a

2

judicial review; it was not noticed as a permanency hearing under Florida Rule of Juvenile Procedure 8.425, much less as a permanency hearing at which the court was expected to enter a final permanency order"); *P.P. v. v. Dep't of Child. & Fam. Servs.*, 86 So. 3d 556, 559 (Fla. 2d DCA 2012) (reversing permanent guardianship order and holding in part that Department failed to give the mother adequate notice of a permanent guardianship hearing where, although JRSSR contained a statement that "[t]his is also a permanency review," JRSSR did not contain recommended permanency goal, a date for the permanent guardianship hearing, or explanation of why permanent guardianship would be in the best interest of child, and the mother had over a month remaining to comply with case plan).

DCF and GAL point to section 39.621(4)(a), Florida Statutes (2021), in support of their argument for affirmance, contending that it allows a change in a permanency goal at any time, and that they complied with the statute's notice requirements. That section provides:

> (4)(a) At least 3 business days before the permanency hearing, the department shall file its judicial review social services report with the court and serve copies of the report on all parties. The report must include a recommended permanency goal for the child, suggest changes to the case plan, if needed, and describe why the recommended goal is in the best interest of the child.

§ 39.621(4)(a), Fla. Stat. (2021).

The Department and GAL are correct that they complied with the statutory requirements that they file a JRSSR at least three days before the hearing and that the JRSSR identify the recommended change in the goal to permanent guardianship. However, the Department and GAL's arguments miss the mark, as they essentially equivocate a change in case plan goal with entry of a permanent guardianship. Moreover, as discussed, where the hearing is billed as a "judicial review," which is governed by section 39.701, the mother would not have been on notice that the hearing was proceeding as a permanency hearing under section 39.621.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

3

CONNER, C.J., CIKLIN and GERBER, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*